WESTERN SUPPLY & MANUFACTURING COMPANY v. UNITED STATES & MEXICAN TRUST COMPANY.

Decided January 27, 1906.

**1.—Corporation Bonds—Consideration.**

The provisions of the Constitution (article 12, section 6) does not require that a corporation issuing bonds shall receive face value for the same, but that the amount received shall bear some reasonable approximation to the amount of the bond.

**2.—Bonds—Pledge of Same.**

A railway company has the right, under the Constitution, to pledge its bonds as collateral security for money or property actually received as a result of such pledge, as well as to sell the same.

**3.—Decree in Equity.**

This suit was brought by certain bondholders to establish the validity of such bonds, to foreclose a mortgage executed to secure the same, and to have a receiver appointed for the mortgaged property. It was proper for the court to determine the validity of the bonds, without determining the amount due on the bonds or who held them, especially when the court reserved the right in the decree to allow the bondholders to come in afterwards and prove up their ownership and indebtedness.

**4.—Bondholders—Prorating Debts.**

A trust company, holding bonds of the defendant as security, issued certificates called "collateral trust certificates." These certificates evidence the primary loans for which some of said bonds were pledged, others were pledged for other indebtedness. The trial court adjudged that the holders of the bonds should participate pro rata in the proceeds of the sale of the mortgaged property until their primary indebtedness was paid on the basis of the bonds held, and not of the debt. Held, correct.

**5.—Foreign Corporation—Suit in Texas.**

The plaintiff, a Missouri corporation, could prosecute this suit without taking out a permit to do business in Texas because it did not appear that said corporation transacted business in Texas.

Error from the District Court of Harrison County. Tried below before Hon. Richard B. Levy.

*F. H. Prendergast,* for plaintiff in error.—The court erred in paragraph 1 of said decree in adjudging and decreeing that the seven hundred and ninety-two bonds set up in plaintiff's petition are valid and existing obligations against the Texas Southern Railway Company, because a large number of said bonds were issued for a consideration not deemed valuable in law and were issued as collateral security for a debt already existing and said debt remains yet a debt against said railway, and it is shown by the decree that said bonds were not issued for money, property or labor. Constitution of Texas, art. 12, sec. 6; Northside Ry. v. Worthington, 88 Texas, 573; Farmers L. & T. Co. v. San Diego Ry., 45 Fed. Rep., 528; Elyton Land Co. v. Birmingham & Co., 92 Ala., 407 (25 Am. St. Rep., 65); Fitzpatrick v. Dispatch Co., 83 Ala., 604; Nelson v. Hubbard, 96 Ala., 238 (11 South Rep., 428); 5 Thompson Cor. sec., 6059.

The court erred in adjudging that persons named in the decree who hold bonds as collateral security should prorate in the proceeds of the sale of the road on the basis of the collateral held and not on the basis of the debt secured. Jessup v. City Bank, 14 Wis., 331; Rice's Appeal, 79 Penn. St., 168; Ackerson v. Lodi Branch, 28 N. J. Eq., 542; 3 Wood's Ry. Law, sec. 473.

That the United States & Mexican Trust Company is not shown to have any authority to transact business in Texas, and therefore the collateral trust certificates issued by it are void and the amount adjudged to it in said decree is error. Taber v. Interstate B. & L., 91 Texas, 94; Commercial Tel. Co. v. Territorial Bank, 86 S. W. Rep., 69.

*Cook & Gossett, F. S. Miller* and *A. H. McKnight,* for defendant in error.—The court did not err in holding the seven hundred and ninety-two bonds to be valid and existing obligations of the Texas Southern Railway Company. Illinois Trust Co. v. Pac. Ry. Co., 117 Cal., 332; S. C., 49 Pac. Rep., 197; Duncomb v. New York, H. & N. Ry. Co., 84 N. Y., 190; Platt v. U. P. Ry. Co., 99 U. S., 48; Nelson v. Hubbard, 96 Ala., 238, 11 So. Rep., 428; R. S., art. 4486; North Side Ry. Co. v. Worthington, 88 Texas, 562; Scott v. Farmers' Nat. Bank, 75 S. W. Rep., 7-9; Memphis & L. R. R. Co. v. Dow, 120 U. S., 287; Coe v. East & W. R. R. Co., 52 Fed. Rep., 537; Brown v. Duluth & M. Ry. Co., 53 Fed. Rep., 889; Atlantic Trust Co. v. Woodbridge Canal & Irrigation Co., 79 Fed. Rep., 842; Sioux City Ry. Co. v. Manhattan Trust Co., 92 Fed. Rep., 428; William Firth v. Loan & Trust Co., 122 Fed. Rep., 571.

A railway company has the right to pledge its bonds as collateral security for debts incurred by it. Rev. Stats., art. 4486; Farmers' Nat. Bank v. Waco Electric Railway & Light Co., 36 S. W. Rep., 131; Memphis & L. R. Ry. Co. v. Dow, 120 U. S., 298; Allen v. Dallas & W. Ry. Co., 1 Fed. Cases, p. 465, 3 Woods, 316; Atlantic Trust Co. v. Woodbridge Canal & Irrigation Co., 79 Fed. Rep., 842; Union Loan & Trust Co. v. Southern California Railroad Co., 51 Fed. Rep., 845;

Farmers' Loan & Trust Co. v. Toledo Railroad Co., 54 Fed. Rep., 759; William Firth v. Loan & Trust Co., 122 Fed. Rep., 571; Leo v. Union Pac. Ry. Co., 17 Fed. Rep., 273; Rawlins v. New Memphis Gas Light Co. et al., 60 S. W. Rep., 206; "Cyc." p. 1170; 5 Thomp. on Corp., sec. 6265; 1 Mor. on Corp., sec. 349; 22 A. & E. Enc. of Law, p. 847; 23 A. & E. Enc. of Law, pp. 836-838. And authorities cited under preceding proposition.

A railway company can in good faith validly pledge its bonds for antecedent debts. Kauffman v. Robey, 60 Texas, 310; Brown v. Thompson, 79 Texas, 50; Alexander v. Bank of Lebanon, 47 S. W. Rep., 840. Also authorities under preceding propositions. American File Co. v. Garrett, 110 U. S., 288; Memphis & L. R. Ry. Co. v. Dow, 120 U. S., 298; Atlantic Trust Co. v. Woodbridge Canal & Irrigation Co., 79 Fed. Rep., 842; Union Loan & Trust Co. v. Southern California Railroad Co., 51 Fed. Rep., 845; William Firth v. Loan & Trust Co., 122 Fed. Rep., 571; Duncomb v. New York, etc., Railroad Co., 84 N. Y., 190.

There being no statement of facts in the record, and the judgment of the court showing that it was rendered after hearing the evidence and the several reports of the master in chancery, it will be conclusively presumed that the necessary facts were found by the court to support its judgment, and the same should be affirmed. Whitaker v. Gee, 61 Texas, 219; Juergens v. Missouri, K. & T. Ry. Co., 42 S. W. Rep., 230.

It was proper for the court to find that bonds had been issued and negotiated and were acquired for value and in good faith without determining either the amount due on the bonds or who held them, especially where, as in this instance, the court reserved the right and made provision therefor in the decree to allow the bondholders to come in afterwards and prove up their ownership and indebtedness. Sioux City Ry. Co. v. Manhattan Trust Co., 92 Fed. Rep., 431; 5 Thomp. on Corp., sec. 6228 et seq.

Pledgees of collateral bonds securing debts should participate in the proceeds of the sale of mortgaged property securing the bonds on the basis of such collateral security, and not on the basis of the debt secured, until the primary debt is paid by such participation as is provided in this decree. Sanderson v. Railey, 47 S. W. Rep., 667; Bond v. National Exchange Bank, 53 S. W. Rep., 71; Green v. Scottish Mortgage Co., 44 S. W. Rep., 319; Jackson v. Chemical Bank, 46 S. W. Rep., 295; Richardson v. Green, 130 U. S., 104; 5 Thomp. on Corp., secs. 6265 and 6228; 3 Wood on Railway Law, sec. 473; 6 Rapalje & Mack's Digest, p. 509; Morton v. New Orleans & Selma Ry. Co., 79 Ala., 590; Duncomb v. New York Ry. Co., 84 N. Y., 190; Rice's Appeal, 79 Pa. St., 168.

The court did not err in decreeing that certain bonds held by Jno. M. Gardner and D. H. Scott were valid without stating the amount of the debt for which the same were pledged as security, especially where, as here, the judgment retained jurisdiction of the cause for the purpose of hearing and determining such matters in the future. Texas Western Ry. Co. v. Gentry, 69 Texas, 625; Farmers Bank v. Scott, 45 S. W. Rep., 26; McIlheny v. Binz, 80 Texas, 9; Sioux City Ry. Co. v.

Manhattan Trust Co., 92 Fed. Rep., 431; 5 Thomp. on Corp., sec. 6228 et seq.; First National Bank v. Shedd, 121 U. S., 74.

It was not necessary for the United States & Mexican Trust Company to have authority to transact business in Texas in order to bring and prosecute this suit. Security Co. v. Panhandle Nat. Bank, 93 Texas, 575; Lakeview Land Co. v. San Antonio Traction Co., 95 Texas, 252; Commercial Land Co. v. Territorial Bank & Trust Co., 86 S. W. Rep., 66.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit brought by the United States & Mexican Trust Company in the District Court of Harrison County, Texas, against the Texas Southern Railway Company, to establish the validity of seven hundred and ninety-two bonds of the railway company, of the par value of one thousand dollars each, to foreclose a mortgage made and executed by the said railway company to secure the said bonds, and to have a receiver appointed to take charge of the mortgaged property of the railway company pending the litigation. The petition was filed on July 11, 1904, on which date a receiver was appointed, and on September 22, 1904, a judgment was rendered declaring the seven hundred and ninety-two bonds valid and existing obligations of the Texas Southern Railway Company, foreclosing the mortgage and ordering the property covered thereby sold, classifying a number of claims presented on the part of the interveners and ordering the road operated by the receiver who had been theretofore appointed.

The mortgage sought to be foreclosed was executed by the Texas Southern Railway Company to the United States & Mexican Trust Company and dated July 1, 1902, to secure bonds which were to be thereafter issued by the railway company in the sum of five million dollars, or so much thereof as the Railroad Commission of Texas should allow. Pursuant to the authority of the Railroad Commission seven hundred and ninety-two bonds adjudged by the court to be valid and existing obligations of the railway company, were issued. Certain of these bonds were issued and sold to the parties named in the decree and certain of them were issued and pledged as collateral security. The bonds that were pledged as collateral security were issued under a contract with the Delaware Western Construction Company, and the Texas Southern Railway Company, and were for indebtedness incurred and money loaned or other value received at the time the pledges were made, and the pledges were made in good faith. The United States & Mexican Trust Company issued its certain certificates, called "Collateral Trust Certificates," to the amount of $175,000, payable to bearer and running three years and bearing interest at the rate of seven and a half percent per annum. These certificates evidence the primary loans for which some of said bonds were pledged as collateral security, and others were pledged for other loans and indebtedness.

The first question raised by the appeal is, were the bonds issued for a consideration deemed valuable in law? The decree recites that the allegations of plaintiff's petition are true. The allegations in the petition are in substance that the Texas Southern Railway Com-

pany issued its first mortgage bonds in the amount of $792,000 and that they are valid. The decree recites that these bonds were issued under the authority and approval of the Railroad Commission of Texas, and are valid and existing obligations of the defendant; that some of the bonds are held and owned by various persons, named in the decree, in absolute ownership and were acquired for value and in good faith.

There is no statement of facts in the record. The decree recites that it was rendered after hearing of evidence, and the several reports of the master in chancery, and after the court had been fully advised in the premises. The contention insisted upon by plaintiff in error seems to be that the bonds were not valid in that they were not issued for money paid, labor done or property actually received. The Constitution provides that "no corporation shall issue stock or bonds, except for·money paid, labor done, or property actually received, and all fictitious increase of stock or indebtedness shall be void." Const. art. 12, sec. 6. This provision of the Constitution does not require that the corporation shall receive a dollar in money for each dollar of indebtedness, but that the amount received shall bear some reasonable approximation to the amount of indebtedness. Northside Ry. Co. v. Worthington, 88 Texas, 573. The decree showing that the bonds are valid obligations of the Texas Southern Railway Company, and that the owners acquired them for value and in good faith, it will be inferred, in the absence of a statement of facts, that the trial judge had before him evidence that they were issued for a consideration authorized by the Constitution and statutes.

Did the railway company have authority to pledge its bonds as collateral security for money, or property actually received? The railway company had power under the Constitution to issue its bonds and we think the authority is broad enough to embrace a pledge, as well as a sale of its bonds. When the bonds were pledged and money or property actually received as a result of such pledge the bonds were in effect "issued for" such money and property. Illinois Trust Co. v. Pac. Ry. Co., 117 Cal., 332, 49 Pac. Rep., 197; Duncomb v. New York, H. & N. Ry. Co., 84 N. Y., 190; Nelson v. Hubbard, 96 Ala., 238, 11 So. Rep., 428; Memphis & L. R. R. Co. v. Dow, 120 U. S., 287; Atlantic Trust Co. v. Woodbridge Canal & Irrigation Co., 79 Fed. Rep., 842; Sioux City Ry. Co. v. Manhattan Trust Co., 92 Fed. Rep., 431. The decree recites that "the court doth find and doth order, adjudge and decree that the following of said mortgage bonds have been issued and are now held in pledge made by the defendant by and with the Delaware Western Construction Company for indebtedness incurred thereon and money loaned or value received at the respective times said pledges were made and in good faith and that said bonds are now held by the following named persons and the following owners." It then recites the names of the pledgees, the amount of the bonds, and the amount of the debts which they secure. The railway company had the right to pledge its bonds as collateral security for money or property actually received as a result of such pledge.

The decree shows four bonds were issued, one to Jacob Kline, one to E. E. Barton, one to J. H. Penner, and one to L. E. Walker and twelve to L. E. Walker, trustee, and that said bonds were issued

for value, have been negotiated and are held in absolute ownership and were acquired for value and in good faith. As stated, there being no statement of facts in the record, and, as the judgment of the court shows that it was rendered after hearing the evidence and the several reports of the master in chancery, it will be conclusively presumed that the necessary facts were before the court to support its judgment. It was proper for the court to find that bonds had been issued and negotiated and were acquired for value and in good faith without determining either the amount due on the bonds or who held them, especially where, as in this instance, the court reserved the right, and made provision therefor in the decree, to allow the bondholders to come in afterwards and prove up their ownership and indebtedness.

Complaint is made that the court erred in paragraph X of said decree, in subdivision (b) thereof, in adjudging that there was due F. M. Hubbell $49,927 on certificates numbered from six to twenty-seven, which makes only twenty-two certificates, each certificate being for one thousand dollars. The material question to be settled by the decree was the amount due F. M. Hubbell, and this it correctly states as $49,927. It was not necessary to state the number of certificates he held, and if there is a clerical error, as there seems to be, in stating the number it becomes immaterial in view of the fact that the amount of his debt is correctly shown. The master's report copied in the record shows the correct number of certificates held by Hubbell and gives their numbers. These remarks apply to the fourth and fifth assignments and the same are overruled.

It is contended that the court erred in adjudging that persons named in the decree who hold bonds as collateral security should pro rate in the proceeds of the sale of the road on the basis of the collateral held and not on the basis of the debt secured. The court adjudged that the holders of the bonds pledged as security for their indebtedness against the railway company should participate in the proceeds of the sale of the mortgaged property until their primary indebtedness was paid, on the basis of the bonds and not on the basis of the debt. The decree further provides that when such primary indebtedness is paid, said bonds shall be re-delivered to defendant railway company. In this respect the decree is correct. One holding bonds pledged as collateral security is entitled to prove them up to the extent of their face value and have a distribution out of the funds accruing from the sale under a foreclosure, on the basis of the bonds to the extent of the amount of his primary debt and interest. 5 Thompson on Cor., sec. 6265; Rice's Appeal, 79 Pa. St., 168; Duncomb v. Railway Co., 84 N. Y., 190.

The eighth assignment of error is, the court erred in subdivision (2) of paragraph X, in adjudging that the primary debt due F. M. Hubbell and named in (A), (B), (C), (D) and (E), in subdivision (2) of paragraph X, are to be paid out of the proceeds of the sale of the road, when there is no finding that said debts are due by the Texas Southern Railway Company. There is no proposition presented under this assignment, nor does it clearly appear in the assignment wherein there is error in the paragraph of the decree complained of. The suit was brought by the United States & Mexican Trust Company

against the Texas Southern Railway Company, a corporation. It alleged the execution and issuance of $792,000 of bonds by the Texas Southern Railway Company and alleged facts showing that said bonds were legally issued. The decree finds that the allegations of the petition are true. It recites that $792,000 in bonds have been issued and are valid and existing obligations of the defendant. The decree fairly adjudges these bonds are debts due by the Texas Southern Railway Company. These remarks apply to the eighth, tenth and eleventh assignments which are overruled.

The court did not err in decreeing that the City National Bank of Kansas City should prorate on the basis of twenty-five bonds, held by it as collateral, when its debt was only $6,800 and which amount was further secured by the notes of the Enid Bank.

The court adjudged that four bonds were originally issued and delivered to Scott, Jones & Company, and that three of the same were held at the time of the decree by John M. Gardner, and that thirteen bonds were held at the time by D. H. Scott. It was further stated that the nature of the holding of these bonds was not at the time ascertainable. Jurisdiction of the cause was specially retained for the purpose of hearing and determining the ownership of bonds, classifying claims, etc. The court did not err in decreeing that these bonds were valid, without stating the amount of the debt for which the same were pledged as security.

The court in the decree classified all the claims as follows: Class "A" was Receiver's Debts; Class "B" was Labor Liens; Class "C" Statutory Liens; Class "D" the Bonds; Class "E" Floating Debts.

It is contended that the court erred in subdivision (2), paragraph X, in decreeing that F. M. Hubbell has collateral bonds to secure $8,597.62 due on pay checks, assigned to Class "E" inferior to the bonds because this gives him a double security, as Class "E" has certain rights separate from Class "D" which is the bonds, and the same is not consistent with that part of the decree assigning that amount to Class "E," and refusing to put same in Class "C" or "B."

We are of the opinion there is no error in the decree in this respect. F. M. Hubbell held pay checks, amounting to $8,597.62 which debt was placed in Class "E." This indebtedness was secured by bonds pledged to him as collateral. The bonds were valid obligations of the Texas Southern Railway Company.

It is contended in the fifteenth assignment that the court erred in rendering judgment on the collateral trust certificates, and on the bonds held as pledge or collateral security, and on the debt for which the bonds and certificates were held as security, because there was no pleading in the cause justifying or supporting such a judgment. The petition alleged that bonds to the number of seven hundred and ninety-two of the face value of $1,000 each were issued by the railway company, and were outstanding obligations against it. No personal judgment in favor of the plaintiff was asked on these bonds, there being no personal debt due the plaintiff as trustee, nor did the court render such judgment. The petition prayed for a judgment decreeing bonds to be valid and existing obligations and a foreclosure of the mortgage, and the court so decreed. The judgment shows that various

interventions had been filed in the cause and that the main case and these interventions were tried as a consolidated case. The pleadings of these interveners are not contained in the record. The decree was rendered on the pleadings of plaintiff and defendant, and that of interveners, together with the reports of the master in chancery, and the evidence adduced. In this condition of the record we conclude there is no merit in the fifteenth assignment and it is overruled.

It is insisted that the United States & Mexican Trust Company is not shown to have any authority to transact business in Texas, and therefore the collateral trust certificates issued by it are void, and the amount adjudged to it in said decree is error. It does not appear that the United States & Mexican Trust Company issued the certificates in Texas, or that it transacted business in Texas. The record shows that the mortgage deed of trust was delivered in Kansas City, Missouri. The United States & Mexican Trust Company is a Missouri corporation. It could prosecute this suit without taking out a permit to do business in Texas. Security Co. v. Bank, 93 Texas, 575.

We conclude that no reversible error is shown in the record and the judgment is affirmed.

*Affirmed.*

### OPINION ON MOTION FOR REHEARING.

The plaintiff in error in its motion for rehearing complains of the statement in the opinion, that "the judgment shows that various interventions had been filed in the cause and that the main case and these interventions were tried as a consolidated case." The recitation in the decree is, "Now on this 22d day of September, A. D., 1904, comes plaintiff, the United States and Mexican Trust Company by Cook and Gossett, its attorneys and counsel, and comes the defendant by Eberhart and Barnwell, its attorneys and counsel, and comes S. P. Jones, the receiver herein appointed on July 11, 1904, by John M. Gardner, his attorney and counsel and also comes the various interveners and parties in causes consolidated with this cause by their respective attorneys and counsel and this cause being regularly called and coming regularly on for trial upon the pleadings, and the evidence and the several reports of Y. D. Harrison, the master in chancery herein appointed, upon various of the matters referred to him," etc.

The record contains only the pleadings of the plaintiff and defendant. Those of the interveners and those of the parties in causes consolidated with this case are not contained in the record. In this condition of the record it will be inferred in support of the decree that the pleadings before the court were sufficient to sustain the judgment.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.