### KUEHNE et al. v. HIGHLAND GLADES DRAINAGE DIST. (COCHRANE et al., Interveners).

No. 557–M.

District Court, S. D. Florida.

Nov. 23, 1931.

Giles J. Patterson, of Jacksonville, Fla., for complainants.

Wideman, Wideman & Wardlaw, of West Palm Beach, Fla., for intervener Cochrane.

Winters, Foskett & Wilcox, of West Palm Beach, Fla., for intervener Spitzer-Rorick Trust & Savings Bank.

Henry J. O'Neill, of Palm Beach, Fla., for defendant.

A. L. Rankin, of West Palm Beach, Fla., for receiver.

RITTER, District Judge.

This matter comes on for hearing upon petition of the interveners to share ratably on the bonds held by them with other bond issues of Highland Glades Drainage District. This district was created by chapter 8885, Special Acts of 1921 of the Florida General Assembly. Among the powers delegated to it was, by section 6 of said act, to borrow money temporarily and to issue its promissory notes and "to secure the payment of any of such notes, hypothecate bonds herein authorized to be issued."

A bond issue of $196,000 was made by the said district in 1922. In 1926 another issue of $204,000 was authorized. Of the second issue of bonds, $145,000 were pledged with the intervener Spitzer-Rorick Trust & Savings Bank as security for the note given to it by said district for money borrowed, and of said authorized issue bonds amounting to $59,000 were pledged with intervener Farmers' Bank & Trust Company to secure a note for money borrowed from it. Interveners still hold said bonds. Their respective notes have been reduced to judgment, and the judgments have not been satisfied. The receiver, who was duly appointed, has $15,000 to distribute by way of dividends on bonds. The interveners assert the right to receive a pro rata dividend on the bonds held by them to the full amount of principal and interest due, on an equal basis with the first bond issue.

The first question which arises is whether the bonds under the second issue pledged as collateral security were in fact issued and are to be considered outstanding bonds. On the strength of the following authorities, I hold that they were issued in contemplation of law: Thompson on Corporations (3d Ed.) Vol. 3, § 2387; Atlantic Trust Co. v. Woodbridge Canal & Irrigation Co. (C. C.) 79 F. 842; Wm. Firth Co. v. South Carolina Loan & Trust Co. (C. C. A.) 122 F. 569; Merrill v. National Bank of Jacksonville, 173 U. S. 131, 19 S. Ct. 360, 43 L. Ed. 640; Western Supply Co. v. U. S. & Mexican Trust Co., 41 Tex. Civ. App. 478, 92 S. W. 986.

Under the same authorities, I hold that when the interveners have received through dividends on the bonds held by them the amount of their judgment indebtedness, with interest, their claims are satisfied, the right to retain the securities ceases, and the same will be returned to the District. The receiver, therefore, upon distribution of any sum in his hands under order of the court, will distribute the same pro rata to all holders of bonds equally, but as to interveners not in excess of their respective judgments and interest lawfully due.

The bondholders who have not deposited their bonds with the bondholders' committee cannot be deprived of any rights under their bonds, and the depositing bondholders cannot be given any preference in the distribution of dividends. This is not a situation where the law aids the diligent. It is a case of where the drainage district and the receiver herein are paying a dividend to the holders of its bond obligations share and share alike. No preference can be created by law contrary to the terms of the bonds.

An order may be prepared in accordance herewith.