[No. 5543.]
[No. 3219 C. A.]

## Graves et al. v. White.

1.  **Practice in Civil Actions — Brokers — Compensation — Complaint—Evidence.**

In an action by a broker for commissions, a complaint which alleges that plaintiff was employed to assist in making a sale, that defendants promised to pay plaintiff a half of the commissions received for his services, that a sale was made through valuable services rendered by plaintiff, and that defendant received a specified sum for commissions—is supported by evidence that defendants agreed to "divide" the commissions with plaintiff.—P. 134.

2.  **Same—Words and Phrases—"Divide."**

The word "divide," when used by and between two contracting parties and unqualified by other words, means a severance or partition into two equal parts.—P. 134.

3.  **Same—Appellate Practice—Jury—Verdict—Manner of Reaching.**

In an action for one-half of commissions received by defendants as brokers for making a sale of real estate, the action of

the jury in first deducting the expenses incurred by defendants before dividing the remainder between the parties, was not prejudicial to defendants.—P. 134.

*Appeal from the District Court of Rio Grande County.*

*Hon. Charles C. Holbrook, Judge.*

Action by William E. White against Arthur Graves and John W. Ahrens. From a judgment for plaintiff, defendants appeal.          *Affirmed.*

Mr. JESSE STEPHENSON, for appellants.

Mr. JAMES P. VEERKAMP, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an action to recover commissions upon the sale of real estate, differing from most actions of this character in that appellee sues appellants, who were partners, to recover one-half of the commissions which he assisted them in earning through the sale of certain real estate in Rio Grande county.

The complaint alleged that the defendants employed plaintiff to aid and assist them in effecting and making a sale of the land to one A. C. Phares, and promised to pay him as compensation for his services one-half of the commission or brokerage they might receive in case a sale of the land was made to Phares; that the sale was made through valuable services rendered by plaintiff to defendants; that defendants received $622.00 as commissions for making the sale and now refuse to pay him anything for his services.

The answer admitted that the sale was made and the commissions paid, and denied all other allegations of the complaint.

Before the trial, defendants filed a written offer of judgment for $75.00 and costs. Trial to a jury resulted in a verdict and judgment in favor of plaintiff for $174.00; from which is this appeal.

All the witnesses who testified in the case, including the defendants, were called by plaintiff; so that there is no conflict in the testimony, except that defendants denied making any contract whatever with the plaintiff, and did not think plaintiff-assisted them in making the sale.

One of the appellants testified that he intended to do what was right with appellee. Appellee testified that appellant Ahrens, at the time he engaged appellee's services, agreed to divide the commissions with him. Appellants testified that certain expenses were incurred by them in making a sale, the amount of which does not clearly appear from the abstract of record furnished by appellants.

The judgment is assailed upon the ground that appellee failed to prove the contract alleged in the complaint, and that under the allegations of the complaint he could not recover on a *quantum meruit*. This point was presented to the court below in a motion for a nonsuit interposed at the close of plaintiff's evidence, and in a motion for a new trial, and ruled adversely to appellants, and is the only point urged here.

Appellants' contention is thus stated in their brief:

"It is true that the plaintiff testified that one of the defendants said he would divide the commission. That statement is denied. Conceding that he said it, for the purpose of this argument, there is still no contract. If that statement were made, the one making it may have had in mind that he would give him 1 per cent. of the proceeds of the transaction, while the other person to whom it was said

may have had in mind that it would be 50 per cent. A promise to divide the commission did not necessarily mean to give him half of it. It is so indefinite that no one can tell just what the statement does mean. If the defendant Ahrens had paid the plaintiff one dollar of the proceeds, he would have been carrying out the promise to divide commissions. What was said by these parties was not sufficient to constitute a contract that will support a recovery."

We cannot agree with this contention.

"Divide" is thus defined in the Standard Dictionary: "To sever into two parts; to cut or part into several or many pieces."

We think that by common usage the common acceptation and definition of the word "divide," unqualified by other words, when used by and between two contracting parties, limits the severance or partition to two equal parts. This is the construction placed upon "divide" by the court below, which is approved.

The court below, in overruling the motion for a new trial, stated that the jury may have deducted from the commission paid, the amount of expenses incurred by appellants in making the sale, as shown by the evidence introduced, and divided what remained. Appellants have no ground for complaint against this action of the jury in arriving at a verdict. Under the above definition of the word "divide," as applied to the facts of this case, appellee's testimony proved the contract alleged in the complaint.

The judgment will be affirmed.     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.