### TEXAS & N. O. R. CO. v. MILLS.
### No. 8460.

Court of Civil Appeals of Texas. San Antonio. June 18, 1930.

Rehearing Denied July 16, 1930.

Kleberg & North and M. G. Eckhardt, Jr., all of Corpus Christi, for appellant.

Perkins & Floyd, of Alice, for appellee.

SMITH, J.

■ This suit was brought in a justice of the peace court by appellee against appellant to recover the value of a mule alleged to have been struck and killed by one of appellant's passenger trains. The accident occurred in the nighttime on the outskirts of the village of Alfred, in Jim Wells county. The controlling question is whether the mule was struck at a point within, or without, appellant's switching limits at Alfred. Under admittedly correct definition and explanation of what is meant by switching limits, a jury resolved that issue against appellant. There was much testimony, both expert and nonexpert, upon the subject, but no material purpose could be served by setting out that testimony here. It is deemed sufficient to say that we have carefully considered the evidence, and conclude that it was sufficient to support the jury's finding. We overrule appellant's propositions 2, 3, 4, 5, 6, and 7. Appellant's first proposition consists only of an abstract statement of the law applicable here, which is conceded by appellee, and was embraced in the court's charge, not objected to by either party. The proposition presents nothing for review.

■■ In its remaining propositions, 8, 9, and 10, appellant contends that the evidence conclusively showed that its train operatives were not guilty of any negligence resulting in the accident. There were no witnesses to the accident except the engineer and fireman of the engine which struck and killed the mule. Both these witnesses testified circumstantially to the facts of the accident. If their testimony was true and had been believed by the jury, then appellant would be excused from liability. But the jury evidently disbelieved some of that testimony and reached their own conclusion, which was their privilege. Those witnesses testified that it was a dark foggy night; that the engineer, keeping a proper lookout, giving the statutory bell and whistle signals, and approaching the station grounds at a speed of fifteen or twenty miles an hour,

could see no further ahead than 150 feet, at which distance the engineer saw the mule on the right of way, at the foot of the dump; that he sounded the whistle again and the mule, apparently blinded by the headlight of the engine, started up the dump towards the track; that the engineer used all the means at hand to stop the train within a reasonable distance, consistent with the safety of the passengers on the train; that just as the train had "practically" come to a stop the mule "hit the front of the right cylinder head, and was knocked over backwards, finally landing a few feet south of the switch stand." According to the testimony of appellee, however, the physical facts showed that the mule was struck by the train at a distance of 90 feet north of the switch stand, and was either knocked or dragged to a point about 10 feet south of the switch stand, where it landed, and was found, dead, the next morning. If this be true, as the jury must have believed, the testimony of the engineer, that the train was practically at a standstill when the mule was struck and that the collision occurred at the switch stand, was not true. It was the peculiar province of the jury to resolve these inconsistencies, to weigh all and disregard any part of the testimony of the enginemen, and by this process arrive at their findings. We cannot say the evidence did not justify their conclusions upon the issues in this case.

The judgment is affirmed.