## SPEED et al. v. GILLILAND et al.
### No. 3447.

Court of Civil Appeals of Texas. Amarillo.
Sept. 24, 1930.

Rehearing Denied Oct. 15, 1930.

M. J. Baird, of Plainview, for appellants.

C. D. Russell and W. W. Kirk, both of Plainview, for appellees.

HALL, C. J.

On the 3d day of September, 1925, the appellant Speed recovered a judgment against J. B. Gilliland and others in the district court of Hale county, in cause No. 2170, entitled Guy B. Speed v. R. E. Jay et al., upon the docket of said court; the amount of said judgment being $1,276.41. Prior to the institution of this suit, Speed had an execution issued upon said judgment and placed in the hands of the sheriff of Castro county, who levied upon a half section of land situated in said county as the property of J. B. Gilliland, and had the same advertised for sale. On October 31, 1927, Mrs. Mary A. Gilliland, joined by her husband, J. B. Gilliland, filed this suit to enjoin the sale of said property.

Mrs. Gilliland alleged that she then owned, and prior to the 7th day of September, 1927, was the owner in her own name and as her sole and separate property, of the half section of land which the sheriff had levied upon and advertised for sale. The court granted a temporary injunction.

In his answer to the injunction proceedings, Speed alleges the validity of his judgment, that it was based upon a community debt due from Gilliland and his wife, and that the half section of land in Castro county levied upon by the sheriff was purchased by Gilliland and wife, Mary A. Gilliland, and paid for by them with community property and funds, but that the "paper title" was taken in the name of Mary A. Gilliland in fraud of the defendant Guy B. Speed, and for the purpose of concealing the community property of the plaintiffs and to avoid payment of Speed's said judgment.

By agreement, the venue of the case was changed from Castro to Hale county, and was tried in said last-named county and judgment rendered the 23d day of January, 1930. The case was submitted to the jury upon only two special issues, in response to which the jury found, in substance, as follows:

(1) We find from the evidence in this case that, at the time the execution was levied on the north half of survey No. 14, block S–2, situated in Castro county, Tex., the said property was the separate property of the plaintiff Mary A. Gilliland.

(2) All of the property given and conveyed to J. H. Slaton in exchange for the north half of section 14, block S–2, Castro county, Tex., was the separate property of Mary A. Gilliland.

The first assignment of error is that the trial court committed fundamental error in overruling defendant's request for peremptory instruction of a verdict for the defendant. Grouped under this assignment are six propositions, which are nothing more than abstract propositions of law, without any reference whatever to the facts of this case.

By the second assignment of error it is insisted that there is no evidence to warrant the court in submitting special issue No. 1 to the jury, because the undisputed testimony shows that the north half of survey No. 14 in block S–2 was the community property of Mary A. and J. B. Gilliland.

The third assignment is predicated upon the refusal of the court to give the appellants' special charge to the effect that all property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise, or descent, is community property, and in connection with that charge to submit special issue No. 2 inquiring whether lot 4 in block 44 was the community property of Mr. and Mrs. Gilliland at the time it was exchanged and conveyed to Slaton.

■ These assignments are not presented in appellants' brief as propositions, and the propositions thereunder are merely statements of abstract rules of law, and are not entitled to consideration. 3 Tex. Jur. § 614.

However, the brief as a whole may be sufficient to present a proposition of fundamental error, if any, in the court's refusal to direct a verdict for appellants because of the insufficiency of the evidence. In any event, a disposition of that matter will dispose of all the material questions urged in the appellants' brief.

■ The record shows that lot No. 4 in block 44, being one of the lots which was conveyed to Slaton in exchange for the land levied upon, was conveyed to Mrs. Gilliland April 1, 1921, long before the appellant Speed's debt against Gilliland ever accrued. Even though this lot may have been paid for out of the proceeds of her personal earnings, the evidence is sufficient to support the finding of the jury that it was her separate property. Speed was not a creditor at that time, and it was not shown that Gilliland was insolvent then, and he could, in so far as Speed's rights are concerned, lawfully give his wife any or all of their community property. This is too well established to require the citation of authorities.

■ There is no evidence of a fraudulent conveyance in this case, but, if it be admitted that the transfer to Lynn, the son-in-law of Gilliland and wife, is some evidence of fraud, nevertheless that issue was not submitted to the jury, and the defendant has waived it.

The testimony in the record with reference to this transaction fails to show any fraudulent intent, either on the part of the Gillilands or of Lynn and wife.

■■ The record further shows that the other lot which was conveyed to Slaton as part consideration for the land in question was the homestead of Gilliland and wife, and had been decreed to be such homestead in a suit between the identical parties to this suit. It does not appear that that judgment had ever been modified, set aside, or appealed from and is therefore conclusive as to the status of the lot involved. If it was the homestead of the Gillilands, this transfer to Slaton could in no event be fraudulent as to Speed, because he could acquire no rights as against the homestead exemption.

The testimony is sufficient to sustain both findings of the jury, and the court therefore did not err in refusing to instruct a verdict for the appellants.

When this case was before us upon the first appeal, we called attention to the fact that the evidence upon material issues then presented was too meager to enable us to finally dispose of such issues. 18 S.W.(2d) 762. We find upon this appeal that the record is in no better condition.

■ When Speed was on the witness stand, he was asked by his attorney whether or not the witness had a conversation with J. B. Gilliland prior to the rendition of the judgment in cause No. 2170, referred to above, with reference to the rents which Gilliland owed Speed for the Cozy Café. It appears from the bill of exception that the answer would have been that Gilliland told Speed that the latter would have to look to the Jays for their money and not to him for the payment of the rent, and that, if he wanted any money, he had better get it out of the Jays. The testimony was objected to as being irrelevant and immaterial because the matters then being discussed had been merged in the judgment in said cause No. 2170. We think the court correctly sustained the objection.

We find no reversible error, and the judgment is affirmed.