## COOK et al. v. WILLIAMS.
### No. 3466.

Court of Civil Appeals of Texas. Amarillo.
Oct. 22, 1930.

J. B. Clark, of Shamrock, for appellants.

Sanders & Scott, of Amarillo, and Kinney & Ritchey, of Miami, for appellee.

HALL, C. J.

The appellee, Williams, filed this suit originally to recover upon a promissory note executed by James Cook and Glenn Cook and to foreclose a chattel mortgage. The original petition was filed August 30, 1928. On January 11, 1929, his first amended original peti-

tion was filed, making additional parties and seeking a recovery upon another note which he alleges he had purchased from Mark Huselby, executed by James Cook. On August 12, 1929, he filed what he calls his first supplemental petition "for the purpose of making more specific allegation as to the amount of wheat belonging to James Cook and Glenn Cook bought by the defendants Kearns Grain & Seed Co. and Barnett Grain Co." On August 12, 1929, he filed what is termed "supplemental petition of plaintiff as against Barnett Grain Co.," "for the purpose of making more certain the amount of wheat purchased by said Barnett Grain Company and the time when so purchased and the price."

The defendants' pleadings also violate the fundamental rules of pleading. The Cooks filed their original answer January 29, 1929, and on February 4th thereafter filed what they term an amended answer "in answer to plaintiff's petition filed in said court on the 11th day of January, 1929." On June 12, 1929, they filed their second amended answer in reply to plaintiff's petition filed on the 11th day of January, 1929, and on August 12, 1929, they filed what is termed "amendment to defendants' second amended original answer." In this pleading they attempt to amend certain allegations in their second amended original answer, showing the amount of bolls pulled by them, the amount of an open account of one J. S. Gill, and the amount of cotton delivered to the plaintiff for which they did not secure credit. This pleading is not a trial amendment and is not entitled to consideration because the case was not tried until the January term, 1930.

It is improper to refer in an amended pleading to a former original pleading for the purpose of making it a part thereof. Shannon v. Hay (Tex. Civ. App.) 153 S. W. 360.

An abandoned pleading superseded by an amended pleading will not be considered, though copied in the transcript. Home Investment Co. v. Strange (Tex. Civ. App.) 152 S. W. 510.

The case is before us in a very unsatisfactory condition, and it is practically impossible in the condition of the pleadings to ascertain what the issues were in the court below. Twelve pages of the transcript are taken up by plaintiff's five pleadings and the so-called amendments thereto, when, if the district and county court rules which relate to the pleadings had been observed, not more than three pages would have been necessary to set forth the plaintiff's cause of action and the matters to be urged in supplemental pleadings could have been embodied in one instrument of not more than one page. District and County Court Rules 4 and 5. Both parties have utterly disregarded District and County Court Rules 13, 14, and 15, with the result

that the plaintiff's five pleadings and the defendants' seven different pleas cover thirty pages of a transcript of only forty-one pages. It is practically impossible for us to determine from this confusing mass of allegations exactly what issues, if any, should have been submitted to the jury.

Rule 85, relating to the preparation of a transcript, provides that the proceedings shall be entered therein in the order of time in which they occurred. In the preparation of the transcript before us, this rule has been ignored; the plaintiff's pleadings taking up the first twelve pages, followed by the defendants' pleadings covering the next eighteen pages, without regard to the date when the several instruments were filed. Rule 14 contemplates that original pleadings, which have been superseded by amendments thereof, shall not be copied into the transcript, unless some error of the court is assigned with reference thereto, which necessitates their insertion. This rule has been utterly ignored.

■ The rules with reference to pleading and the preparation of transcripts were promulgated for the purpose of enabling the appellate courts to more readily and expeditiously dispose of the business before them, and it is the duty of counsel to comply with these rules.

The appellants have filed a brief urging six propositions. Appellee objects to these propositions because they are mere abstractions and point out no error committed by the trial court, and insists that several of the propositions are duplicitous and multifarious. These objections in the main are well taken. As an illustration, appellants' first proposition is:

"In a suit on a note, defendant is entitled to plead a conditional delivery of said note and that he delivered it upon condition that certain credits would be given the note and plaintiff is not entitled to recover on said note until he fulfills the condition upon which said note was delivered."

As an abstract proposition of law, this may or may not be correct, depending upon when the agreement was made and the nature of the credits. The proposition does not complain that the court committed any error, nor does the statement thereunder remedy its defects. The statement is as follows:

"Plaintiff sued on a note in the sum of $1219.28. The defendant did not deny the execution of this note, but pleaded that he delivered the same conditionally. Defendant further pleaded that plaintiff admitted that the note should have had certain credits and agreed to make them under such representation that defendant plead that he delivered the note, and pleads conditional delivery of the same and further pleads that plaintiff could not recover on the note without fulfilling certain conditions upon which said note was

delivered. The court failed to consider the plea of conditional delivery and gave a peremptory instruction to the jury to find for the plaintiff. The defendant, James Cook, testified that he did execute and deliver the note upon the representation made by the plaintiff as heretofore set forth. There is no evidence in the records that the plaintiff did fulfill any of the conditions upon which the note was delivered, save allowing a credit of $100.00 for pulling bolls, but on the contrary did nothing else."

■■ This statement does not set out the conditions upon which it is claimed the note was executed and delivered, nor does it state when the agreement relative thereto was entered into. We are not informed as to what "the certain conditions" were, nor what "the representation made by the plaintiff" was, and appellate courts are not required to go to the record to ascertain what conditions are alleged, especially a record that is as unsatisfactory as the one before us, nor are we required to go to the statement of facts to see what James Cook testified concerning the representations made by the plaintiff.

■ This is a fair sample of the other propositions and appellee's objections are well taken. 3 Tex. Jur. 880, 881, 892, 896, et seq.

The fourth proposition is: (1) Whether or not defendant executed a mortgage is a question of fact and the same should have been submitted to a jury; and (2) when there is conflicting testimony on the amount due on a note, the amount that is due should be determined by the jury and not by the court.

This submits two separate and distinct propositions of law in the abstract but makes no complaint whatever of any action of the court. The statement under it is wholly insufficient to present either of the points urged.

■ The sixth proposition is not based upon any assignment of error found in the record and asserts that when it is brought to the attention of the court by the pleadings and the evidence that some person has a right or interest in the subject-matter of the suit, and will be affected by the judgment, the court should pass the suit until such party can be properly brought in. As an abstract proposition of law this is not correct unless such party is a necessary party plaintiff or defendant.

On account of the condition of appellants' brief, we cannot consider any of the propositions; but because the court directed a verdict, we will consider the record for the purpose of determining whether the action of the court, in view of the pleadings and evidence, presents fundamental error.

The record discloses that the principal note was executed with the understanding that there was to be an accounting between the parties thereto to ascertain what, if any,

credits should be entered upon the note thereafter. It appears that the court admitted testimony upon this issue and later determined that the pleading setting up the agreement was insufficient as a defense and upon that issue decided to direct a verdict. In this particular he is sustained by Chalk et ux. v. Daggett (Tex. Com. App.) 257 S. W. 228. While plaintiff sought to foreclose a mortgage and the defendant alleged that fourteen cows had been added to the description of the property therein, it appears from the mortgage itself that the description of the cows is insufficient and the evidence shows that all of the property described in the mortgage had been dissipated and sold under a prior mortgage and that none of the property upon which a foreclosure was sought was in existence. So far as we are able to determine, there was no issue made by either the appellants' pleadings or evidence which the court could or should have submitted to the jury and a verdict was properly directed for the amount due, less the credits admitted by the plaintiff and shown by the evidence.

The judgment is therefore affirmed.