**FERGUSON et al. v. CONKLIN.**

No. 3722.

Court of Civil Appeals of Texas. Amarillo.
June 1, 1932.

Rehearing Denied July 6, 1932.

W. H. Russell, of Hereford, for appellants.

Jas. W. Witherspoon, of Hereford, for appellee.

HALL, C. J.

Lee Conklin sued C. C. Ferguson and R. M. Dunn, alleging in substance: That Ferguson and Dunn were partners doing business as real estate brokers under the firm name of Ferguson & Dunn. That the owner of section 118, block M–7, employed the defendants to procure a purchaser for said land at $37.50 per acre, after which Ferguson agreed with plaintiff, Conklin, that, if the latter would aid in procuring a purchaser, the defendants would divide commissions with plaintiff or "whack" the commissions. That by dividing or "whacking" was meant that the firm would pay plaintiff one-half of all commissions received on the sale of the real estate, in the event plaintiff procured the purchaser therefor. That on or about the 30th day of November, acting under the agreement, plaintiff found H. D. and Ray Robins as prospective purchasers and took them to the defendant Ferguson and that after some negotiations H. D. Robins purchased the section of land for the price of $30.50 per acre. That plaintiff was the procuring cause of the sale to Robins. That the owner of the land so sold agreed to pay the defendants when the land was listed with them 5 per cent., amounting to $1,231.87, and that plaintiff is entitled to recover one-half thereof, $615.95.

The defendants answered by general demurrer, general denial, verified plea denying partnership, and specially alleged: That at one time plaintiff approached Ferguson, stating that he might some time find a purchaser for land, and asked if Ferguson would pay him something for his work in case sales were effected to parties introduced by plaintiff. That Ferguson met the two Robins together with plaintiff on the streets in Hereford, and thereafter the land was shown to H. D. Robins, who refused to purchase it at that time or to further negotiate therefor. That about three months thereafter Ray Robins again brought H. D. Robins to Hereford to the defendant Dunn, and the parties again commenced negotiations for the sale of the land to H. D. Robins, and the deal was finally closed.

Defendants further alleged: "That thereafter the plaintiff approached the defendant Ferguson and made some remark about being entitled to some commission growing out of said deal, whereupon said Ferguson not agreeing that he was entitled to any commissions, but in order to settle any difference between said parties, offered to settle with said plaintiff and plaintiff offered to purchase some notes then held by defendant Ferguson and Ferguson agreed to sell said notes to plaintiff for the sum of $195.00, which would allow plaintiff the sum of $100.00, but plaintiff failed and refused to consummate said agreement and failed and refused to so purchase said notes, whereby defendants say that he is not entitled to any commission."

In response to special issues, the jury found as follows:

(1) At the time or after Joe Green, acting for Mrs. W. B. Green, employed the defendants C. C. Ferguson and R. M. Dunn to sell the land in question, that Ferguson and Dunn accepted such employment as partners.

(2) The defendant Ferguson on or about the 30th day of November, 1929, after the land had been listed with Ferguson and Dunn, agreed with the plaintiff that, if plaintiff would procure a purchaser for any lands listed with defendant Ferguson for sale, he would divide the commissions received for the sale of such lands with plaintiff, in case a sale was made to a party or parties whom the plaintiff should procure.

(3) Plaintiff, Conklin, was the procuring cause of H. D. Robins purchasing the land in question.

Based upon the verdict, judgment was entered for Conklin against the defendants for the amount prayed for.

■■■ The substance of the first proposition is that, where plaintiff pleads that the defendants were partners, that defendant Ferguson agreed with plaintiff to divide any commissions earned from the sale of land to any person produced by Conklin, and the whole testimony shows that Ferguson and Dunn were not partners at the time Ferguson made such agreement with plaintiff, Conklin, then the court is not warranted in submitting to the jury an issue as to whether or not Fergu-

son and Dunn were partners at the time the land was listed with them and to render judgment upon the affirmative answer of the jury.

It was an admitted fact that Ferguson and Dunn had been associated as partners in the real estate brokerage business during the year 1929. They both testified that the partnership was dissolved about the 1st day of October of that year. It appears that the sale to Robins was made after the dissolution of the partnership, but, according to the testimony of S. J. Walser, with whom Dunn subsequently formed a partnership about January 1, 1930, Dunn stated with reference to Mrs. Green's section of land and the sale thereof by Ferguson that he (Dunn) and Ferguson had a deal on with reference to that section that had been on for some time, and that they were still working at it. It further appears that Walser did not share in any of the compensation earned by Ferguson and Dunn as a result of that sale. This testimony was not denied by Dunn. Whether a general partnership existed between Ferguson and Dunn at the time the sale was completed is immaterial, because it appears that they were partners or jointly interested in the compensation to be realized from the sale to Robins. They both admitted that a partnership had previously existed, and the rule is that a status or condition of things once shown to exist is presumed to continue until the contrary appears. Since the jury found that there had been no dissolution of the firm of Ferguson & Dunn, we must conclude that they did not accept the testimony of the defendants upon that point. The court did not err in submitting the issue and rendering judgment against defendants thereon.

■ It is insisted by the second proposition that, because the pleading and evidence was that the defendants would divide the commissions with plaintiff and no testimony was offered to show that the commission should be equally divided, the court erred in rendering judgment for plaintiff for one-half of the total commission.

It is held that: "An agreement that profits are to be divided means, in the absence of a contrary stipulation, that they are to be equally divided." 47 C. J. 790, note 25 (a); Johnston v. Ballard, 83 Tex. 486, 18 S. W. 686; Graves v. White, 43 Colo. 131, 95 P. 347, 127 Am. St. Rep. 106.

■ The third proposition asserts that, although a broker initiates a land transaction, yet if through his efforts no sale is made, but the negotiations are entirely broken off and

subsequently taken up, the broker is not the procuring cause of the sale.

That proposition is a mere abstraction, complains of no error committed by the court, and no issue bearing upon the rule announced was requested by the appellants, and, even if the evidence raises the point, it has been waived.

■■ The fourth proposition is as follows: "Where there is a bona fide dispute between two parties, the law encourages a compromise or compromising and settlement and where the defendant pleads a compromise and offers evidence to that effect, then the Court should submit such issue to the jury upon proper request, in that if such compromise agreement was actually made, then that plaintiff's cause of action should be upon such compromise agreement instead of on the original claim."

The defendants pleaded an agreement to compromise as hereinabove set out. Ferguson testified: "I figured to give Lee only as I told you, $50.00 at that time. He agreed to handle this note. He said 'That will give me $100.00.' He said 'I will give you $195.00 for the $295.-00 note and everybody will get squared up.'" He further testified: That Conklin offered to buy the $295 note and pay $195 for it, and that, when he offered Conklin the note, the latter refused to buy it. That he got Robins' note for $295, but, when he offered it to Conklin, the latter said it was not worth $50. That Conklin first agreed to buy the note whether Ray Robins was on it or not, but afterwards refused to buy it unless Ray Robins also signed it.

The appellee asserts that the pleading of the defendants is insufficient as a plea of accord and satisfaction or compromise and settlement. No demurrer was urged to this part of the plea by the plaintiff, and the rule is settled that, where the question of the insufficiency of a pleading is raised after verdict and judgment, all that is possible must be presumed in aid of the pleading objected to. Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533; 1 Tex. Jur. 291, § 42; 9 Tex. Jur. 338, § 5.

The refusal of the court to submit this issue requires a reversal of the judgment.

The fifth proposition is predicated upon alleged misconduct of a juror in conversing with the plaintiff, and, since it is a matter that may not probably arise upon another trial, we will not discuss it.

For the reason stated, the judgment is reversed, and the cause remanded.