## HOLSOMBACK v. TAYLOR et al.
### No. 4045.

Court of Civil Appeals of Texas. Amarillo.
May 24, 1933.

Rehearing Denied June 21, 1933.

Jackson & Crawford, of Crystal City, for appellant.

Jno. T. Spann, of Crystal City, for appellees.

HALL, Chief Justice.

The appellee Taylor sued S. Pullen alleging, in substance, that plaintiff was seized and possessed of a certain store building situated in Crystal City upon certain lots named in the petition, a part of which building he leased to defendant for a period of six months at $60 per month. That such rents were paid, but the defendant continued to hold over and occupied the premises for an additional six months, five months of which time had elapsed. He prayed for judgment for rents for five months, totaling $300.

Defendant Pullen answered by general demurrer, general denial, and specially alleged that he originally leased the premises from plaintiff, believing the latter to be the owner thereof. That he paid the rents agreed upon for the first six months and entered into an additional contract for six months to cover the dull period, at an agreed rental of $35 per month. That about that time he became cognizant of the fact that plaintiff was himself a tenant and did not own the premises, but that B. H. Holsomback, intervener herein, claimed to own the building, and he agreed with Holsomback to carry out the $35 per month contract. Holsomback demanded the rents, which the defendant refused to pay, but paid each installment thereof into the Zavala County Bank to be held by said bank for the rightful owner of the premises. He prayed that plaintiff take nothing and that he recover against plaintiff any sum which might be recovered by intervener against him.

Holsomback intervened, alleging that on July 9, 1931, he became the owner of the premises, was still the owner thereof, and that if plaintiff Taylor had leased the premises, such lease was without the consent of intervener. He admitted that he had consented to the additional lease between Pullen and Taylor and demanded that the rents be paid to him. By cross-action he sought to recover from Taylor all rents which the latter had collected during the first six months and in addition prayed for judgment for $210 covering the last six months' period.

The case was submitted to a jury by a general charge and resulted in a verdict in favor of Taylor for the sum of $210 and that intervener take nothing.

The brief contains nine propositions which do not complain specifically of any er-

ror committed by any court to the prejudice of appellant. Each proposition is a mere abstraction generally affirming what might be applicable in any case and does not point out with certainty any specific error committed by the trial judge in this case. These propositions cannot be considered. 3 Tex. Jur. 880, § 614; First State Bank v. Commercial State Bank (Tex. Civ. App.) 34 S.W.(2d) 297; Cook v. Williams (Tex. Civ. App.) 32 S. W.(2d) 244; Speed v. Gilliland (Tex. Civ. App.) 31 S.W. (2d) 519; Kennedy v. McMullen (Tex. Civ. App.) 39 S.W.(2d) 168.

■ We find at the back of appellant's brief thirteen assignments of error. Neither assignment is followed by a statement, argument, or authorities, as required by article 1757, as amended by the Acts of the 42d Legislature, page 68, c. 45, § 1 (Vernon's Ann. Civ. St. art. 1757), so we can consider only such assignments of error as present fundamental error.

■ There seems to be no dispute between the parties as to the fact and terms of the rent contracts under which Pullen held the property. The only material issue which was contested was the ownership of the leased property. Taylor alleged that he was seized and possessed of the town lots upon which the store building was situated. Holsomback alleged that he was the owner by virtue of the sale under execution against Taylor. Taylor testified that during the trial of a district court case which involved this property, together with other real estate, Holsomback called him out of the courtroom and they entered into an agreement that if Taylor would withdraw his answer filed in the district court case, that Holsomback would buy in the property in controversy and, would at some time later reconvey these lots to Taylor. The effect of this testimony would be to ingraft a trust upon the property in Holsomback's hands. Holsomback was holding it under sheriff's deed, and while the deed could not be set aside or reformed except upon allegations made by Taylor of fraud, accident, or mistake, nevertheless the duty rested upon Taylor to allege and prove the understanding and the facts upon which Holsomback acquired the title before evidence tending to show a trust was admissible. Sullivan v. Fant, 51 Tex. Civ. App. 6, 110 S. W. 507. There is nothing in Taylor's pleadings under

which evidence is admissible to prove the trust relationship which he claims existed between himself and Holsomback. In his charge the court told the jury: "The plaintiff [Taylor] says that the intervener [Holsomback] was holding the record title to said property for him under an agreement to reconvey same at his direction and that he remained in possession of the premises and was the true owner of said premises and entitled to the rents therefrom." Taylor made no such allegation, and we assume that the court was referring to the claims made in his testimony.

In the eighth subdivision of the charge, the court charged the jury, in part, as follows: "On the other hand, if you fail to find that B. H. Holsomback was the real and true owner of said premises, but that he took same in his name to reconvey at the direction of plaintiff, then you will find against the intervener, B. H. Holsomback, on his plea of intervention and find for the plaintiff or defendant as you believe from the evidence under this charge."

■ A careful review of the record convinces us that it was Taylor's evidence with reference to the trust agreement, augmented by the court's charge upon an issue not found in the pleadings, that resulted in the judgment against Holsomback.

■ The rule is that where an instruction authorizes a finding for plaintiff on an issue not made by the pleading, the error, though not assigned, is so fundamental as to require the court to act on it. San Antonio Traction Co. v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428.

■ It is a further fundamental rule that when in an essential matter a judgment is not supported by pleadings, the error is fundamental and fatal to the judgment, though not assigned. Siese v. Malsch, 54 Tex. 355; Laredo v. Russell, 56 Tex. 398; Carter v. Bolin (Tex. Civ. App.) 30 S. W. 1084; Alamo Fire Ins. Co. v. Davis (Tex. Civ. App.) 45 S. W. 604; Harris v. Petty, 66 Tex. 514, 1 S. W. 525; Holloway Seed Co. v. City National Bank, 92 Tex. 187, 47 S. W. 95, 516.

None of the other assignments present fundamental error; but for the reasons stated the judgment is reversed, and the cause is remanded.