## KAPLAN v. COLD SPRINGS UTILITY CO.
### No. 2583.

Court of Civil Appeals of Texas. Beaumont.

Nov. 23, 1934.

Rehearing Denied Dec. 5, 1934.

Perry & Sidman, of Houston, and Wm. McMurrey, of Cold Springs, for appellant.

Browder & Barler, of Cold Springs, and Campbell, Murphy & Cochran, of Livingston, for appellee.

O'QUINN, Justice.

The Cold Springs Utility Company, a Texas corporation, brought suit against Dave Kaplan and Bessie Kaplan, A. J. Covert and Jessie Covert, to recover in the sum of $3,200. It alleged that said defendants, on April 25, 1932, applied to the secretary of state for a charter for the incorporation of the Cold Springs Utility Company (appellee), and in this connection filed an affidavit showing that the entire capital stock ($10,000) had been subscribed by the defendants, and that 50 per cent. ($5,000) had been paid in certain property transferred to the corporation by the defendants Dave Kaplan and A. J. Covert. That, on said affidavit, the charter was granted. That among the property so transferred and paid in as capital stock, as shown by said affidavit, was one 45-horse power Anderson engine, valued at $3,200, and for which stock in said corporation was issued to and accepted by Dave Kaplan and A. J. Covert, each in the sum of $1,600. That said engine in fact was never delivered to the corporation, but was kept by said defendants and its delivery and possession of same refused to said corporation, whereby said defendants had never paid for said amount of stock, and prayed for judgment against them for said amount.

In its petition, appellee claimed certain other amounts for certain other machinery or property set forth in the affidavit for charter as having been transferred to the corporation, and for the value of which stock had been issued to defendants, alleging that said property had never been received by the corporation; and, also, for certain damages alleged to have been suffered by the acts of defendants, but, as each and all of these items were eliminated from the contest, that will not be further mentioned.

Defendants Dave Kaplan and Bessie Kaplan answered by general demurrer, special exceptions, general denial, and specially to the effect that in July, 1932, they sold their stock in the corporation to E. C. Barnard, who at the time of the filing of the suit was president of the corporation, and that at such time they informed Barnard that the engine in question was not at Cold Springs, the situs of the corporation, but was at Houston, Tex.,

in the possession of the defendant A. J. Covert, and that appellee, through its said president, E. C. Barnard, understood and agreed that appellee, the corporation, would look to said Covert for said engine.

Defendants A. J. Covert and Jessie Covert answered by general demurrer, general denial, and specially that, at the time the affidavit for securing the charter of the appellee corporation was made, all of the property mentioned in the affidavit as transferred to the corporation as paid in capital stock of the corporation was at Cold Springs, except the said Anderson engine, which was at Houston, Tex., and that the value of said engine was discounted, in setting its value for stock purposes, in the sum of $500 from its real value, to cover taking said engine down transporting it to Cold Springs, and setting it up for service there; that it was the duty of the corporation to so dismantle, transport, and set up same; and that the corporation could at its own pleasure at any time have taken said engine from Houston to Cold Springs and installed same.

Defendants Bessie Kaplan and Jessie Covert were dismissed from the suit.

The case was tried to the court without the aid of a jury, and judgment rendered against Dave Kaplan and A. J. Covert, each, in the sum of $1,600, and against them jointly and severally for all costs of suit. This appeal is by defendant Dave Kaplan.

We doubt whether appellant's brief is such as that, under the rules for briefing, it should be considered. Article 1757, R. S. 1925, as amended by Acts 42d Leg. (1931) c. 45, p. 68 (Vernon's Ann. Civ. St. art. 1757), provides that, in cases appealed to the Courts of Civil Appeals or the Supreme Court, it shall be sufficient if the briefs contain:

1. A statement of the nature and result of the suit.

2. The alleged error or errors upon which the appeal is predicated.

3. The authorities relied upon.

4. A statement and/or argument on the errors assigned.

At the back of the brief there are set out two assignments of error, "a" and "b," which are not believed to be proper, as each contains and refers to several different matters, which renders them multifarious, and hence in violation of the rule that an assignment of error must be specific and point out the error complained. While the assignments are in the brief at the back, yet neither of them are set out in any portion of the brief proper, nor are they referred to in any wise, nor are they followed by any statement, argument, or authorities, as required by article 1757, supra. Holsomback v. Taylor (Tex. Civ. App.) 61 S.W.(2d) 544. It is believed that the assignments should follow the statement of the nature and result of the suit, as the statute requires, and that the argument and authorities should follow the assignments of error. There being no assignments of error following the statement of the nature and result of the suit, there apparently is nothing upon which to base the authorities cited, and/or the argument of the proposition or question at issue. It follows that we are authorized to search only for fundamental error, and, as the pleadings are sufficient to support the judgment, it should be affirmed.

However, if it should be said that the brief is such as to entitle it to consideration, then we think the judgment should be affirmed. The record reflects that on March 10, 1932, A. J. Covert and Dave Kaplan, jointly, by full warranty deed, conveyed to the Cold Springs Light & Ice Company of Cold Springs, San Jacinto county, Tex., certain enumerated property, among which was one 45-horse power Anderson engine, the conveyance reciting that said engine was then in Harris county but was to be "moved at once to Cold Springs." Said instrument further recited that $5,000 of the consideration for said conveyed property was to be paid in stock of said company as soon as same was incorporated and the corporation ready to do business. The charter of incorporation was obtained, but the name of the corporation was the "Cold Springs Utility Company." The articles of incorporation were drawn up and signed by Dave Kaplan, Bessie Kaplan, A. J. Covert, and Jessie Covert, on March 10, 1932, the same day that Dave Kaplan and A. J. Covert executed the conveyance to Cold Springs Light & Ice Company, same to be incorporated. April 19, 1932, said incorporators, Dave Kaplan, Bessie Kaplan, A. J. Covert, and Jessie Covert, who had subscribed the proposed charter (naming the corporation as the Cold Springs Utility Company), made affidavit to secure the charter stating in said affidavit that the full amount of the capital stock of said corporation ($10,000) had in good faith been subscribed, and that 50 per cent. thereof ($5,000) had been paid in certain property, itemizing same and stating the value of each item, among which was one 45-horse power Anderson engine valued at $3,200. The affidavit made no mention of the location of said engine. On this affidavit the charter was obtained, and capital stock of

the corporation thus chartered was issued to and accepted by Dave Kaplan and A. J. Covert, each in the sum of $1,600, one-half of the value of said engine. The corporation proceeded to engage in business as authorized. In course of time an execution (not in favor of the corporation) was levied upon the stock of A. J. Covert, and he was thus ousted from participating in the further activities of the corporation. In July, 1932, Dave Kaplan sold his stock in the corporation to E. C. Barnard, who was president of the corporation at the time of the institution of this suit. Barnard, upon assuming active charge of the affairs of the corporation, discovered that the Anderson engine named in the affidavit as paid in as part of the capital stock of the corporation, valued at $3,200, was not at the plant, and had never been in the possession of the corporation, but was at a place in Harris county called Little York, in the possession of and being used by A. J. Covert, one of the original incorporators of the Cold Springs Utility Company, and who, with Dave Kaplan, also an original incorporator, had conveyed by warranty deed said engine to said corporation, and, in said conveyance stated said engine was to be at once removed to Cold Springs, demanded of said Covert, with a copy of said demand to Kaplan, that said engine be delivered to the corporation, which demand was refused, Covert telling Barnard that he would see him (Barnard) in hell before he got the engine. This suit was then brought against Kaplan and Covert.

From appellant's brief we gather that his main contention is that appellee sued for conversion of the engine, and that the judgment is one for conversion, and that, as appellant was not in possession of the property, he could not be and was not guilty of conversion, and the judgment as to him was error.

Appellee contends that the suit is one for the value of property purportedly conveyed to the corporation by the defendants in payment for capital stock issued to them, but which was never actually received by the corporation—that is a suit for unpaid capital stock issued to and accepted by said defendants.

■ We think that appellee's petition, when given the intendments to which it is entitled, shows the suit to be one to recover for the value of capital stock issued to the defendants for which the consideration stated in the affidavit for charter had never been actually received. This is manifest from appellee's supplemental petition in reply to the defendants' answers (a), where, in an exception to said answers, it is said: " * * * Because any individual transaction between the said E. C. Barnard and Dave Kaplan could not affect the rights of plaintiff to recover the capital stock subscribed by defendant, and on which said charter was issued, the said stock consisting of property or its value in money, the same not being delivered; * * * " (b) " * * * by reason thereof defendants became jointly and severally liable for the value of said equipment as described in plaintiff's petition as constituting part of the capital stock of said corporation in the amount represented by the value placed thereon which plaintiff is entitled to recover of and from defendants jointly"—disclosing clearly, we think, that appellee was seeking to recover the value of the stock which had been issued to the defendants for property mentioned in the affidavit for charter, which property had not been actually received by the corporation.

The court in his judgment found that stock in the corporation to the amount of $3,200 was issued to Dave Kaplan and A. J. Covert, each in the sum of $1,600, for the value of the Anderson engine, which they had not delivered to the corporation, and for the value of which stock each was liable for the amount received by him. In pronouncing his judgment, the court does not say that same was for conversion of the said property, but in general terms pronounces judgment against the defendants Dave Kaplan and A. J. Covert, each in the sum of $1,600. So, we conclude that the suit was for the value of unpaid stock issued to and received by defendants Dave Kaplan and A. J. Covert, which stock was issued to said defendants for property shown by the affidavits of said defendants made for the purpose of chartering said corporation, to have been delivered to said corporation, but which in fact was never actually received by the corporation, as required by article 12, § 6, of the Constitution of the State of Texas, and article 1308, R. S. 1925, and judgment of the court was accordingly.

■■ Assignment of error "B" complains of two rulings of the court in rejecting certain evidence offered by defendants. The matters complained of are shown by two bills of exception relating to two different matters of defense attempted to be shown growing out of the transfer of certain property to the corporation as representing so much paid in capital stock, and the value of said property. The assignment, as before stated, is

multifarious and so should not be considered. However, the proffered testimony was not admissible, and its rejection by the court was proper.

No reversible error, being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.

On Rehearing.

WALKER, Chief Justice, and COMBS, Justice.

We concur in the affirmance of the judgment on the merits, but not in the construction given by Mr. Justice O'Quinn to Article 1757, R. S. 1925, as amended by Acts 42nd Leg. (1931) c. 45, p. 68, nor in the criticism of appellant's brief. The motion for rehearing is overruled.