TROUSDALE *et al. v.* STATE.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

RAYMOND J. BORK, of Chattanooga, for plaintiffs in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Plaintiffs in error were jointly indicted and convicted of carrying burglarious instruments, in violation of section 10918 of the Code, which is as follows:

"Any person who carries concealed about the person any false or skeleton keys, jimmies, or any article of the kind intended for effecting secret entrance into houses, for the purpose of committing theft, or other violations of the law, is guilty of a felony, and, upon conviction, shall be sentenced to confinement in the penitentiary for a period of not less than one nor more than ten years."

The maximum punishment of plaintiffs in error was fixed at ten years each in the penitentiary.

The essential facts are that about 9:30 on the night of March 24, 1934, there was a radio broadcast informing the police officers that two men were concealing themselves on the Sears-Roebuck building, located at Sixth and Market streets in Chattanooga. The officers surrounded the building, secured a ladder, placing it upon an adjoining building, and upon reaching the roof first

observed two suitcases, then discovered the plaintiffs in error crouched down in a hiding position on one corner of the roof. Plaintiffs in error were placed under arrest. As Trousdale started to descend, his coat caught on the ladder, exposing a pinch bar protruding out of his hip pocket, whereupon one of the officers searched him, and, in addition to this pinch bar, found a flashlight which differed from the ordinary one, in that the lens was covered with a piece of black paper with a hole punched in the center so that it would make a very small light. No tools were found upon Keith's person. The two suitcases contained a complete burglar's outfit. Trousdale stated to the officers that the suitcases contained tools but no nitroglycerine, and requested them not to throw the suitcases off the building. Keith made no statement of any character. In these circumstances, we think the officers were fully justified in believing that a felony was about to be committed, which authorized the arrest and search.

On behalf of Keith, it is insisted that, since no tools were found upon his person, he has not violated the statute and that he was unlawfully convicted. It will be noted that the statute says: "Any person who carries concealed *about* the person any false or skeleton keys, jimmies," etc. The word "about," when used in the description of place or locality, has the sense of nearness or proximity. 1 C. J., 338. The statutes prohibiting the carrying of concealed weapons about the person and carrying burglars' instruments are analogous. One is to prevent murder; the other, burglary. In the absence of these instrumentalities, the commitment of crime would be lessened.

In 68 C. J., pp. 34, 35, it is said: "A weapon is general-

ly held to be carried on or about the person when it is in a receptacle attached to or carried by the accused, as he moves, such as a basket, satchel, valise, hand bag, sack, bundle, or knapsack carried in the hand or on the arm, or a sack carried under the arm, or a container suspended from the shoulder, as well as a scabbard hung to a saddle. The contrary has been held, however, where a weapon was in a satchel or suit case, or in saddlebags. In any event, a weapon carried in a receptacle must be concealed if the statute so requires.''

If a person has these instruments available for use, and they are concealed, from a practical viewpoint it makes little difference whether they are about one's person in a satchel or suitcase which he is carrying, or concealed in the pocket of the automobile which he is driving. The principle involved has been very well expressed by the Supreme Court of Alabama in the case of *Diffey* v. *State*, 86 Ala., 66, 5 So., 576, where it was said: ''The purpose of the statute is to interdict carrying a weapon in a manner so connected with the person that it may be easily and promptly used, and yet others not discover its presence. About the person does not mean necessarily on the person. All the essential elements of the offense exist, if an interdicted weapon is carried near the person, and so connected therewith that the locomotion of the body necessarily carries the weapon, and so that it may be promptly used when desired; as in the pocket of an overcoat carried on the arm, or in a hand-basket, or other receptacle held by the hand. Such carrying one of the forbidden weapons concealed comes within the letter and purview of the statute, and constitutes the offense denounced.''

It is urged, however, that these two suitcases were

some ten or twelve feet from plaintiffs in error when they were discovered, and that there is no evidence that they carried them to the roof of this building.

We hold that the facts and circumstances fully justified the jury in concluding that they were so transported. Trousdale, at least, was familiar with their contents. One of the suitcases with its contents weighed about 100 pounds. Each suitcase had a rope attached to the handle, from which it is inferable that they were raised from the alley to the top of this building with these ropes. The plaintiffs in error introduced no proof whatsoever in their behalf. No reasonably minded person could read this record and reach any other conclusion than that these parties had transported these tools to be used in gaining entrance to some business house. Rational persons do not carry quantities of burglar instruments to the roof of a business house in the late hours of the night for mere pastime. Courts and juries have a right to draw upon their experience, knowledge, and observation with respect to the habits and conduct of their fellow men.

We have no doubt as to the guilt of these parties, and the judgment will be affirmed.