## HOUSTON ICE & BREWING CO. v. FIELDS et al.

### No. 4366.

Court of Civil Appeals of Texas. Amarillo.
Feb. 18, 1935.

Rehearing Denied April 15, 1935.

Gavin Ulmer, of Houston, for appellant.

Hatchell & Campbell, of Longview, for appellees.

HALL, Chief Justice.

This is an appeal from an order of the district court of Gregg county overruling the appellant's plea of privilege.

The appellees Fields and Thomas H. McCullough filed this suit against the appellant brewing company to recover for breach of a contract which appellees allege they made with appellant for the purpose of securing the right to sell Southern Select Beer in Smith county, Tex., for which they were to pay the total sum of $1,600; that at the time of the execution of the contract they paid the sum of $800, agreeing to pay the remainder on September 1, 1933. The fraudulent representations by which appellees allege they were induced to execute the contract were made by the appellant's agent and in a statement published in the daily papers.

The brewing company filed its plea of privilege to be sued in Harris county, which it alleges to be the place of its residence and domicile.

The controverting affidavit was filed and the court heard the matter on March 24, 1934, and on said day entered his order overruling the plea.

The brief of appellant has been prepared without regard to fundamental rules of briefing, and for that reason cannot be considered. After the statement of the nature and result of the suit, the brief contains nine assignments of error. The first assignment is multifarious. The contention is that: "The Court erred in holding, in effect, that the appellee's first amended controverting plea placed in issue appellant's plea of privilege for the reason that said controverting plea does not meet the requirements of Article 2007 of the statutes in that the plea does not set out specifically the fact or facts relied upon to confer venue of such cause in Gregg County, Texas, and also in that the affidavit to said plea does not unqualifiedly state that the facts in said plea are true and correct, but limits them to the statement 'save and except in so far as they have been changed by the statements contained in the controverting plea to the plea of personal privilege' said holding of the court being a fundamental error."

None of the assignments are followed by any statement, argument, or reference to the record as required by R. S. art. 1757, subd. 4, amended by Acts 1931, c. 45, § 1 (Vernon's Ann. Civ. St. art. 1757, subd. 4).

By the second assignment of error, the appellant contends that the court erred in holding that appellee's first amended controverting plea and affidavit thereto was sufficient as a matter of law for the reasons indicated under assignment of error No. 1, supra; and assignment No. 3 is the court erred in overruling appellant's exception to appellee's first amended controverting plea, for the reasons indicated under assignment No. 1, supra. No reasons have been indicated under the assignment, and overruling a special exception to a pleading because the verification is insufficient does not present fundamental error.

Assignment No. 4 complains of the error of the court in admitting a pencil copy of an advertisement from the Fort Worth Star Telegram. No statement follows this assignment, and we are not required to go to the statement of facts to ascertain whether an error is fundamental.

The remaining assignments, if they could be considered, would require us to read the entire statement of facts, since there are no references to the record following any of the assignments.

The statutes and repeated decisions of the courts require that an assignment of error shall specifically point out the error complained of and shall be followed by a statement from the record and sufficient references to the record to enable the reviewing court to consider the alleged error without having to read the entire record or the statement of facts. Crawford v. Ramsey (Tex. Civ., App.) 73 S.W.(2d) 1064; Lamar-Delta County Levee Improvement District v. Dunn (Tex. Com, App.) 61 S.W.(2d) 816; Blackmon v. Trail (Tex. Com. App.) 12 S.W.(2d) 967; Texas Indemnity Ins. Co. v. Dean (Tex. Civ. App.) 77 S.W.(2d) 748; South Plains Coaches v. Behringer (Tex. Civ. App.) 4 S.W.(2d) 1003; United Chemical Co. v. Leathers (Tex. Civ. App.)

285 S. W. 918; Central Lumber Co. v. Fall (Tex. Civ. App.) 264 S. W. 513; 3 Tex. Jur. 884; Texas & N. O. Ry. Co. v. Martin (Tex. Civ. App.) 32 S.W.(2d) 363; Cook v. Williams (Tex. Civ. App.) 32 S.W.(2d) 244; Gill v. Baird (Tex. Civ. App.) 32 S.W.(2d) 941.

■ Because appellant's assignments of error are not followed by the required statements or arguments and are duplicitous, too general, and suggest errors which would require the court to read the entire statement of facts to ascertain whether they are meritorious, the assignments will not be considered.

■ Immediately following the assignments, the brief contains twelve propositions which cannot be considered because they are general statements of abstract rules of law. For instance, the second proposition is as follows: "A controverting plea to a plea of privilege is a sworn pleading and must be properly sworn to before said plea places in issue the plea of privilege." As a proposition of law, its correctness may be admitted, but it presents nothing to this court for decision. None of the propositions assert that any error was committed by the trial judge or any one else to the injury of the appellant. The rule is that a proposition must present something tangible, and, if consisting merely of a general statement, it will not be considered. The books are full of cases where reviewing courts have refused to consider propositions which are merely statements of abstract principles of law. Texas Employers' Ins. Ass'n v. Teel (Tex. Civ. App.) 40 S.W.(2d) 201, 204; Kennedy v. McMullen (Tex. Civ. App.) 39 S. W.(2d) 168, 173; Coltharp v. Dickens Nat. Farm Loan Ass'n (Tex. Civ. App.) 56 S.W. (2d) 261; Bankers' Health & Accident Co. v. Hill (Tex. Civ. App.) 51 S.W.(2d) 1057; Ferguson v. Conklin (Tex. Civ. App.) 51 S.W.(2d) 622; Holsomback v. Taylor (Tex. Civ. App.) 61 S.W.(2d) 544, 545; First State Bank v. Commercial State Bank (Tex. Civ. App.) 34 S.W.(2d) 297; Texas & N. O. Ry. Co. v. Martin, supra; Cook v. Williams, supra; Speed v. Gilliland (Tex. Civ. App.) 31 S.W.(2d) 519; Wingart v. Baxter (Tex. Civ. App.) 30 S.W. (2d) 522; Cobb-Holman Lumber Co. v. Liechty (Tex. Civ. App.) 30 S.W.(2d) 356; Texas & N. O. R. Co. v. Mills (Tex. Civ. App.) 30 S.W.(2d) 350; Thompson v. Caldwell (Tex. Civ. App.) 22 S.W.(2d) 720; Finance Corporation of America v. Stone (Tex. Civ. App.) 54 S.W.(2d) 254; Fidelity Union Casualty Co. v. Koonce (Tex. Civ. App.) 51 S.W.(2d) 777; Lubbock Nat. Bank v. Nickels (Tex. Civ. App.) 63 S.

W.(2d) 764; Anderson v. Texas & N. O. R. Co. (Tex. Civ. App.) 63 S.W.(2d) 1079.

■ We find no fundamental error in the record, and, in the absence of brief containing proper assignments or propositions, the appeal will be dismissed.