**JUDD v. WYCHE et al.**
No. 4374.

Court of Civil Appeals of Texas. Amarillo.
March 11, 1935.

A. B. Judd, of Houston, for appellant.

F. G. Swanson, of Tyler, for appellees C. R. Hill, C. H. Cockrell, C. R. Johnson, and Independent Oil Well Cementing Company.

Fischer & Fischer, of Amarillo, for appellees Black, Sivalls & Bryson, Inc.

Eugene H. Murphy, of Longview, for appellee M. R. Ingram.

H. O. Gossett, of Longview, for appellees Ed Mosby, A. H. Tuckiness, W. T. Matthews, Henry Reed, Paul Massey, Jimmie Reed, and Leo Matthews.

HALL, Chief Justice.

Joe Gold, as plaintiff, filed this suit making R. E. Wyche, Jr., the Brewster Company, Inc., G. B. Reynolds, J. P. Rutherford, Jr., Charles Day, Ray Kinder, J. M. Suagee, Ed Mosby, Leo Matthews, W. T. Matthews, A. T. Tuckiness, Jimmie Reed, B. M. Bibb, Paul Massey, Henry Reed, Bob Jean, E. L. Eppinger, L. C. Creech, Segal Cooper, and O. K. Allen defendants.

Plaintiff alleged that he was the assignee for a valuable consideration of an interest in a certain oil lease to the extent of $10,695 to be paid out of ¼ of the first ⅞ of the oil and gas if, as, and when produced from land therein described, and that he was the owner of ¼ of ⅞ of the oil, gas, and other minerals in place under said land, as well as retaining title to same after it was produced and saved. That the defendants are asserting claims to the leasehold estate, casting a cloud upon its title. That defendant R. E. Wyche, Jr., appropriated plaintiff's oil and has not accounted for same and was removing large quantities of oil from the lease. He prayed for the appointment of a receiver and a judgment removing cloud from his title, that he be decreed to recover against R. E. Wyche, Jr., in the sum of $5,000.

J. R. Curtis was appointed receiver and qualified as such and took charge of the property under the orders of the court.

Mosby, Tuckiness, Henry and Jimmie Reed, Paul Massey and Leo and W. T. Matthews answered.

M. R. Ingram, Black, Sivalls & Bryson, Inc., Hill, Cockrell, Johnson and the Independent Oil-Well Cementing Company, intervened, claiming mechanic's liens under the mechanic's lien law and praying for judgment for the amount due them respectively and a foreclosure of their liens.

Briefly stated, the facts are that O. K. Allen as landowner, executed an oil and gas lease to R. E. Wyche, Jr., retaining ⅛ of ⅞

of the oil until he should have received the sum of $17,000. That R. E. Wyche, Jr., held title for Wyche Brothers, a firm which proceeded to develop the lease by entering into a contract with Howard & Dooley to drill a well thereon in consideration of $10,000 to be paid out of ¼ of ⅞ of all oil and gas as, if, and when produced, saved, and marketed free of cost. Howard & Dooley drilled a well, took the assignment from Wyche Brothers and in turn assigned the oil payments to A. B. Judd, as trustee. Joe Gold, the plaintiff, furnished material and received an assignment of ¼ of ⅞ of all oil and gas if, as, and when produced, the proceeds therefrom to be paid to him until he had received $10,695 free of cost. O. K. Allen received an assignment of $1,000 from ¹⁄₁₆ of ⅞ of all oil and gas.

The case was tried to the court without the intervention of a jury. The court decreed that the payment out of the proceeds of oil to be made to Judd should be postponed to the claims of laborers and the defendants who had furnished material in developing the lease, and that Judd, as trustee, was not entitled to recover anything until those claims were paid. The laborers and those who furnished material were decreed recoveries in the several amounts claimed by them and the mechanic's lien foreclosed upon the oil, gas, and leasehold estate.

Judd, as trustee, is the only appellant.

The appellant's brief in this case has thirteen assignments of error grouped on the last three pages. Neither assignment is followed by any statement from the record, citation of authority, or argument, as required by Revised Statutes, amended Article 1757, subd. 4 (Acts 1931, c. 45, § 1, Vernon's Ann. Civ. St. art. 1757, subd. 4). It has always been and is still the rule in Texas that assignments which are not followed by statements from the record and sufficient references to the record to enable the reviewing court to consider the alleged error without having to read the entire record, or the statement of facts, cannot be considered. Crawford v. Ramsey (Tex. Civ. App.) 73 S.W.(2d) 1064; Lamar-Delta County Levee Improvement District v. Dunn (Tex. Com. App.) 61 S.W.(2d) 816; Blackmon v. Trail (Tex. Com. App.) 12 S.W.(2d) 967; Texas Indemnity Ins. Co. v. Dean (Tex. Civ. App.) 77 S.W.(2d) 748; South Plains Coaches v. Behringer (Tex. Civ. App.) 4 S.W.(2d) 1003; United Chemical Co. v. Leathers (Tex. Civ. App.) 285 S. W. 918; Central Lumber Co. v. Fall (Tex. Civ. App.) 264 S. W. 513; 3 Tex. Jur. 884; Texas & N. O. Ry. Co. v. Martin (Tex. Civ. App.) 32 S.W.(2d) 363; Cook v. Williams (Tex. Civ. App.) 32 S.W.(2d) 244; Gill v. Baird (Tex. Civ. App.) 32 S.W.(2d) 941.

In the first part of the brief there are twelve propositions which cannot be considered because they are general statements of abstract rules of law. Neither of them asserts that any error was committed by the trial judge or any one else to the injury of appellant. A mere abstract proposition is insufficient under the rule which requires that it must present something tangible, and if consisting merely of a general statement, it cannot be considered. The cases are uniform in upholding this rule. Texas Employers' Insurance Association v. Teel (Tex. Civ. App.) 40 S.W.(2d) 201, 204; Kennedy v. McMullen (Tex. Civ. App.) 39 S.W.(2d) 168, 173; Coltharp v. Dickens National Farm Loan Association (Tex. Civ. App.) 56 S.W.(2d) 261; Bankers' Health & Accident Co. v. Hill (Tex. Civ. App.) 51 S.W.(2d) 1057; Ferguson v. Conklin (Tex. Civ. App.) 51 S.W.(2d) 622; Holsomback v. Taylor (Tex. Civ. App.) 61 S. W.(2d) 544, 545; First State Bank v. Commercial State Bank (Tex. Civ. App.) 34 S.W. (2d) 297; Texas & N. O. Ry. Co. v. Martin, supra; Cook v. Williams, supra; Speed v. Gilliland (Tex. Civ. App.) 31 S.W.(2d) 519; Wingart v. Baxter (Tex. Civ. App.) 30 S.W.(2d) 522; Cobb-Holman Lumber Co. v. Liechty (Tex. Civ. App.) 30 S.W.(2d) 356; Texas & N. O. Ry. Co. v. Mills (Tex. Civ. App.) 30 S.W. (2d) 350; Thompson v. Caldwell (Tex. Civ. App.) 22 S.W.(2d) 720; Finance Corporation of America v. Stone (Tex. Civ. App.) 54 S.W. (2d) 254; Fidelity Union Casualty Co. v. Koonce (Tex. Civ. App.) 51 S.W.(2d) 777; Lubbock National Bank v. Nickels (Tex. Civ. App.) 63 S.W.(2d) 764; Anderson v. T. & N. O. Ry. Co. (Tex. Civ. App.) 63 S.W.(2d) 1079.

These rules are promulgated and enforced in order to enable the reviewing courts more readily to dispose of the great volume of business flowing in to them from the trial courts, and which is increasing annually. The statute and the rules of briefing are plain and simple, and it is the duty of counsel when coming into appellate courts to brief their cases in accordance with these rules. There is nothing technical, complex, or difficult about any of them.

Because the appellant's brief is defective, it will not be considered.

The briefs filed by the several appellees have also been prepared without regard to fundamental rules of briefing.

We find no agreement in the record waiving the filing of appellant's brief in the trial court as required by District and Coun-

ty Court Rule 102, nor is there any notation upon any brief showing that a copy has been so filed. In the absence of a waiver, this rule is mandatory.

■■ This being the condition of the record on appeal, it nevertheless becomes our duty to inspect the record for fundamental errors. This we have done, and find that the judgment must be reversed, and the cause remanded, because of the absence of necessary parties. Howard & Dooley are shown to be the original contractors who drilled the well, and with whom all the contracts, under which material was furnished and labor done, were made. In the absence of some special circumstance, which we do not find in this record, the general rule which requires the principal contractor, under mechanic's lien laws, to be a necessary party to the suit applies.

As said in 18 R. C. L. 983, § 127: "The decided weight of authority supports the rule that the principal contractor is a necessary party to a suit by a subcontractor or materialman to enforce a mechanic's lien. In general the decisions to that effect are based on equitable grounds, although, of course, much depends on the particular statutes involved. This latter ground not only accounts to a great extent for the contrariety of decisions on the question, but prevents the formation of general rules. In some cases the prevailing rule stated is put on the ground that the inquiry necessarily involves the contract relations and state of accounts existing between the contractor and the one seeking to enforce the lien and that without the establishment of a debt there can be no right of recovery, which renders his right to a lien dependent on the establishment of his claim or debt against the contractor for which purpose the contractor is an indispensable party and the same rule applies in the case of a suit to enforce a lien for materials furnished to a subcontractor who should be made a party."

■ ■ The want of necessary parties presents fundamental error which should be considered in the reviewing court even without an assignment of error. However, in this case the appellant suggests the want of necessary parties.

■ In the absence of Howard & Dooley, who should be made parties as individuals, no defendant or intervener claiming an indebtedness against them for the payment of which he seeks to foreclose his mechanic's lien, can lawfully establish his claim. A judgment against them by default would be a nullity. The owner of the property and others interested in the profits to be derived from the operation of the well are entitled to have Howard & Dooley made parties, in order that no illegal claim may be established. That Howard & Dooley are necessary parties is held by Judge Sellers in Farrell v. Jowell (Tex. Civ. App.) 76 S.W.(2d) 546. See also Walter v. Dearing (Tex. Civ. App.) 65 S. W. 380; Holmes v. Klein (Tex. Civ. App.) 59 S.W.(2d) 171.

For the reasons stated, the judgment is reversed, and the cause remanded.