### CLEVENGER v. BURGESS.

### No. 1984.

Court of Civil Appeals of Texas. Beaumont.
July 30, 1930.

Rehearing Denied Oct. 8, 1930.

Adams & McAlister and V. E. Middlebrook, all of Nacogdoches, for appellant.

Seale & Denman, of Nacogdoches, for appellee.

O'QUINN, J.

Appellant Clevenger was engaged in operating a cotton gin, and appellee was in his employ, together with a number of other employees. While in the course of his employment, appellee was injured by having his right hand and arm drawn into the saws of the gin, inflicting serious injuries. Appellee alleged that his injuries were the result of negligence on the part of his employer, the grounds of negligence alleged being:

(a) Failure to furnish sufficient and proper belting to operate the fans which furnished the air current to draw the cotton from the gin saws;

(b) In permitting the air line running from the fan which furnished the air current drawing the cotton from the gin saws to have holes in same which allowed or caused the air to leak out of said air line, thereby weakening the air current so that it would not carry the cotton away from the gin saws, causing the saws to gum or choke up and render it necessary for them to be cleared or cleaned out;

(c) In refusing to permit appellee to stop the running of the gin saws while same were being cleaned when choked, but ordering same to be cleared or cleaned out while still running, threatening to discharge appellee unless said orders were obeyed; and

(d) Negligence in furnishing appellee with a tough stick to be used in cleaning out the gin saws for in that when the saws came in contact with said stick, it being tough, the saws hung and pulled appellee's hand into the saws, seriously injuring his hand and arm.

Appellant answered by general demurrer, several special exceptions to the effect that the allegations of plaintiff's petition were indefinite, vague, and meaningless and not sufficient to give notice to defendant of the matters complained, and that the allegations complained of were unnecessary and superfluous and prejudicial to the rights of appellant, and attempted to set up a new cause of action. Answering further, appellant pleaded general denial and specially that under his contractual relations with appellee he was under no duty to procure compensation insurance protecting appellee for in that by mutual agreement and contract appellant paid to appellee the sum of $1 per day more and over and above his regular wages and the standard remuneration for the work appellee was doing, which said amount was sufficient to enable appellee to carry accident insurance to cover injuries and sickness, which might occur to appellee while working for appellant, by reason of which contract and agreement and the payment of said sum appellee waived all his rights under the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.); that by virtue of said contract and acceptance of said sum of $1 per day extra, appellee assumed the risks ordinarily incident to the work he was doing, by reason of all of which appellant had the right to plead all defenses available under the common law against any cause of action brought against him by appellant, regardless of the Workmen's Compensation Act. Appellant then further answered pleading contributory negligence and assumed risk on the part of appellee, and also that he was not liable to appellee for in that the injuries received by appellee were the result of inherent dangers and risks incident to appellee's employment, which he had assumed.

By supplemental petition, appellee excepted to appellant's answers of contractual waiver of his rights under the Compensation Law,

and the pleas of contributory negligence and assumed risk, as not being defenses under the law, and denied all matters of fact alleged by appellant as a defense.

At the conclusion of the evidence appellant moved for an instructed verdict which was denied. The case was then submitted to a jury on special issues, in answer to which they found:

(a) That the belt furnished by appellant was not sufficient to operate the fans at a sufficient rate of speed to produce an air current strong enough to take the cotton away from the gin saws; that such failure was negligence; and that such negligence was a proximate cause of appellee's injuries;

(b) That appellant did order appellee to clean the cotton out of the gin saws while the gin saws were running; that such order was negligence and such negligence a proximate cause of appellee's injuries;

(c) That the air line that carried the air current from the fan to the gin saws, in which appellant received his injuries, was leaking; that it was negligence on the part of appellant to allow the air line to leak, and such negligence was a proximate cause of appellee's injuries;

(d) And in answer to a special issue requested by appellant, that the injuries received by appellee were not the result of dangers and risks inherent and incident to the work he was doing; and

(e) Awarded appellee damages in the sum of $3,500.

In accordance with the findings of the jury, judgment was rendered in appellee's favor for $3,500. Appellant filed motion for a new trial, which was overruled, and he brings this appeal.

[1] Appellee has filed motion to strike out and not consider appellant's bills of exception because same, he contends, were filed too late. The term of court at which the case was tried was an eight weeks term, beginning on September 9, 1929, and ending on November 2, 1929, as shown by the transcript. Appellant filed his appeal bond the 22d day of November, 1929. The bills of exception were filed February 14, 1930. Appellee invokes article 2246, R. S. 1925, which provides that, the term of court being limited by law to eight weeks, the bills of exception should be filed in eighty days after adjournment of the term of court, which would make the bills filed 101 days after court adjourned, and hence too late. The law, article 2246, subd. 3, provides that upon application of the party appealing, the judge before whom the case is tried may extend the time for filing statement of facts and bills of exception, but that the time shall not be so extended as to delay the filing of the statement of facts and bills of exception in the appellate court within ninety days after the filing of the appeal bond. There

was no formal application to the judge to have the time for filing extended, nor was there any formal order entered extending the time, but the bills of exception were presented to the trial judge, and he approved and ordered same filed, and they were filed February 14, 1929, which was less than ninety days after the appeal was perfected by filing the appeal bond. The approval of the bills of exceptions and ordering them filed by the judge was a sufficient extension of time. Luse v. Gibson (Tex. Com. App.) 23 S.W.(2d) 328. The motion to strike is overruled.

Appellant's first and second propositions are submitted together. They are:

"A. An employer is not guilty of negligence unless there is a breach of or failure to observe some duty which he owes to the employees.

"B. An employee, under the compensation laws of this state, assumes the risks and hazards inherent in, and ordinarily incident to, the work being done, and which are not due to the negligence of an employer, his agents or servants."

These assignments are the mere statements of abstract propositions of law, and do not point out any specific error. Not doing so, they are not sufficient and should not be considered. However, if considered, appellant, in presenting them, says: They raise the same question, and that is "the insufficiency of the evidence" to support the findings of the jury. The findings of the jury were upon several distinct and separate grounds of alleged negligence. The propositions do not point to any one of them specifically, but, as we understand appellant's brief, are urged against all of them. If so, then the assignments are multifarious, and should not be considered. In any event, it was admitted that appellant was subject to the provisions of the Workmen's Compensation Law, and that he did not comply therewith by taking out compensation insurance to protect his employees. This being true, the only burden on appellee entitling him to recover was to show negligence on the part of his employer, appellant. It was the duty of appellant to furnish his employees reasonably safe machinery and appliances with which to work. Appellee alleged that appellant failed to perform this duty and was, therefore, negligent. The jury convicted appellant of negligence in failing to perform this duty in two particulars: (a) In failing to furnish proper and sufficient belting to operate the fans which furnished the air current to carry the cotton from the saws, and (b) in permitting the air line running from the fans which furnished the air current to draw the cotton from the saws to be out of repair, that is, to have holes in it causing it to leak, thereby weakening the air current and causing the gin to choke

**678**

up, necessitating the clearing or cleaning out of the cotton between the saws. This was the thing that happened, and it was in attempting to unchoke the saws that appellee received his injuries. These findings of negligence on the part of appellant have ample support in the evidence. Likewise the finding of the jury that the injuries received by appellee were not the result of dangers or risks inherent in and incident to the work he was doing, is amply supported by the evidence. The assignments are overruled.

Appellant presents his third, fourth, and fifth propositions grouped. They are:

"C. Even though it does not constitute an unqualified defense, evidence that an employer subject to, but not a subscriber, paid employee additionally for the purpose of enabling employee to secure insurance is admissible to mitigate the damages.

"D. Legislative enactment contrary to Constitution is void; section 14 of article 8306, R. C. S. 1925, being contrary to article 1, § 16, of Constitution, impairs the obligations of contracts.

"E. An employer, subject to compensation insurance, though not a subscriber, has the right to contract with employee to carry insurance by paying additionally for that purpose."

■ These propositions are based upon various assignments of error and bills of exceptions, and it will be observed that they relate to several different matters. Assignments of error relating to different matters cannot be grouped and presented together, for they would be multifarious, which the rules forbid. 3 Tex. Jur. § 589, p. 839. We take it that for the same reason propositions based upon assignments of errors pointing to different and unrelated matters cannot be grouped and thus presented. However, on examination, it will be found that the assignments and bills of exception were intended to relate to the action of the court in refusing to permit the introduction of certain testimony by appellant which was offered to show that previous to the year 1928 appellant paid his employees $3 per day, but that beginning with the year 1928 he contracted with them to pay them $4 per day, and that $1 of that was for them not to look to him for compensation insurance, but they were to carry their own insurance. This was objected to on the ground that same was immaterial, irrelevant, and contrary to section 14 of article 8306, R. S. 1925, which provides that: "No agreement by any employee to waive his rights to compensation under this law shall be valid." The objection was sustained. No error is shown. The evidence was not admissible. Appellant admits that under the statute the testimony was not admissible as a defense, but contends that said statute is unconstitutional in that it impairs the obliga-

tions of contracts and unduly interferes with the right to contract. Numerous decisions of appellate courts of this state have held the law constitutional—that the law was a valid and constitutional exercise of the police power. In Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556, 562, in passing upon certified questions as to its constitutionality, in concluding the opinion, Judge Phillips said: "The Act, in our opinion, is in its several provisions a constitutional law." This case was carried by writ of certiorari to the Supreme Court of the United States and there affirmed. 249 U. S. 157, 39 S. Ct. 227, 63 L. Ed. 527. But appellant insists that section 14 of article 8306, which denies the right of an employee to waive his rights under the law, and says that any contract to do so shall not be valid, is contrary to section 16 of article 1 of the State Constitution, in that it abridges and unduly interferes with the right of contract, and impairs the obligations of contracts. This contention is not sound. In the first place, the state, in the exercise of its police power, had the right to enact the law, and in doing so to provide that any contract or agreement made by an employee to waive his rights under the law should not be valid, for that was a declaration by the Legislature of the public policy of the state, and any contract in derogation of the declared public policy of the state is unlawful and void. In the next place, there is no such thing as absolute freedom of contract. The power of governor extends to the denial of liberty of contract to the extent of forbidding or regulating every contract which is reasonably calculated to injuriously affect the public interests. The Legislature having the authority to enact the law for the protection and benefit of those falling within its scope, it is manifest that it was also authorized to insure its efficacy by prohibiting contracts which, on a specified event, should operate to relieve the employer from the statutory liability which would otherwise exist. The constitutional right to contract is not infringed by forbidding contracts whereby employers relieve themselves of liability imposed by the statute. Chicago, B. & Q. R. Co. v. McGuire, 219 U. S. 549, 31 S. Ct. 259, 55 L. Ed. 328; Mondou v. New York, N. H. & H. R. Co., 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Philadelphia, B. & W. R. Co. v. Schubert, 224 U. S. 603, 32 S. Ct. 589, 56 L. Ed. 911; Hunter v. Colfax Consolidated Coal Co., 175 Iowa, 245, 154 N. W. 1037, 157 N. W. 145, L. R. A. 1917D, 15 Ann. Cas. 1917E, 803; In re Opinion of Justices, 209 Mass. 607, 96 N. E. 308; International Coal & Mining Co. v. Industrial Commission, 293 Ill. 524, 127 N. E. 703, 10 A. L. R. 1010.

■ Appellant's final proposition is that the court erred in refusing to grant his motion for a continuance. The record reflects that one J. D. Davis was a witness for the defend-

ant, and was present when the case was called for trial. Both parties announced ready, and Davis was sworn as a witness and was placed under the rule. It appears that while the plaintiff, appellee, the first witness to testify, was testifying on direct examination, it was made known that the witness Davis had a son that was in some kind of trouble in an adjoining county, and he wanted to go to his son, and plaintiff offered to let the witness then be used so that he might be excused, but defendant, the appellant, refused to use the witness out of time. Without the consent of appellant the witness left to go to his son. When the absence of the witness was noted, and the motion for continuance presented, the court ordered the trial to proceed and stated that if the witness returned in time he could be used. No process to detain the witness nor to procure his return was asked, nor was there any request for a postponement of the trial until he could be brought back. His testimony was sought to disprove appellee's allegations of negligence on the part of appellant. What he was expected to testify was set out in the motion for continuance, as follows:

"The defendant expects to prove by said witness that he was in charge of defendant's gin plant as manager; that he is particularly acquainted with the machinery that was being run and operated by the defendant, in that he had charge of it and maintained the same; that the same was in good running order and not defective in any material way; that witness was acquainted with the belts as used and would testify that they were sufficient and of size to run and operate the gin stands proper; that the defendant's gin system was an air blast and that the air system was not defective but was in order and capable of doing the work as was contemplated by the makers of said gin plant; that there were no defects in the air blast that ran through the gin on the west side; but were in good working order and that there was nothing wrong with the mechanism of the machinery and that the stopping of the gin stands by cotton overloading them was on account of the feeding of the stands by plaintiff; that said witness was in charge of the plant during the day and furnished the sticks with which to clean or unclog the gin stands when they clogged and that the stick as furnished the plaintiff by this witness was a thin white pine soft stick about sixteen inches long, half inch wide and planed down to a feather edge so as to not drag into the gin saws if it should come in contact with them; that the stick that the plaintiff was using at the time of his injury was not the stick as furnished plaintiff by witness as defendant's manager; that the stick as shown that the plaintiff was injured by using at the time was a stick not adaptable to be used in cleaning out of the gin stands when clogged but was wholly unfit for such use."

The depositions of Davis had been taken and, when the motion for continuance was overruled, were introduced by appellant. Davis was appellant's agent in charge of the gin at the time of the injury. In his deposition he testified as to all of the grounds of negligence alleged by appellee. This was the second application, the case having been continued once before. Other witnesses, Holland, Wedgeworth, and appellant himself, all testified to the facts which appellant alleges he could prove by Davis, except as to the nature of the stick furnished appellee with which to unstop the gin saws, and as to this the jury found in appellant's favor. The testimony of Davis, as reflected by his deposition, shows that he would not have testified, except as to the stick, as appellant alleged he would. Under the facts, and the law, no error is shown in the court's refusing the motion to continue.

The judgment should be affirmed, and it is so ordered.

Affirmed.