## INDEPENDENT LIFE INS. CO. OF AMERICA v. EDEN.

### No. 13449.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 13, 1936.

Rehearing Denied Dec. 18, 1936.

Hamp P. Abney, of Sherman, for appellant.

Head, Dillard, Maxey-Freeman & McReynolds and Walter K. Wilson, all of Sherman, for appellee.

BROWN, Justice.

This cause was submitted on September 7, 1936, and on September 11 thereafter, the appellant filed its motion for certiorari to correct the record by correcting the statement of facts. Appellee objects to the granting of such motion and his objections are well taken.

■ There are several reasons why the motion cannot be granted by us at this time. Rule 22, promulgated by the Supreme Court of Texas for our guidance, provides in substance that a cause is properly prepared 'for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the trial court and filed in the court under the rules. This rule specifically states: "All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

It will be observed that the appellant, who asked for the record and into whose hands the record was delivered practically one year before the cause was submitted in the Court of Civil Appeals, and who was responsible for its correctness, is the party here asking that same be corrected after the cause has been submitted. Gulf, C. & S. F. Ry. Co. v. Sullivan (Tex.Civ.App.) 178 S.W. 615.

■ Furthermore, this is a motion not having as its purpose a correction of the trial court clerk's transcript of the record, but is one in which it is sought to correct the statement of facts, which has been prepared by the official court reporter for the trial court and approved, as is required by law, by the trial judge. We are without authority to grant such a motion even had it been timely filed, unless it be made to appear in the motion that an application has been made to the trial court to correct the statement of facts and is granted in due season. Only under such circumstances are we permitted by writ of certiorari to bring up such a corrected record. Compton v. Jennings Lumber Co. (Tex.Civ.App.) 266 S.W. 569.

For the reasons stated, the motion is overruled.

## On the Merits.

Appellee, Eden, sued appellant, insurance company, in the district court of Grayson county for disability benefits alleged to have accrued to him under a certain health insurance policy issued to him by appellant.

The cause was tried to a jury and submitted on special issues which were answered favorably to appellee. Judgment was rendered for appellee. No objections were made to the court's charge. Motion for a new trial having been overruled, the cause was appealed to the Court of Civil Appeals at Dallas and was, by the Supreme court, transferred to this Court of Civil Appeals.

Appellee objects to the consideration by the court of appellant's assignments of error, propositions, statement, and argument, such objections being: "Appellant, in its brief of this case, has grouped its nine propositions relating to different unrelated matters in violation of the rules of briefing"; "appellant, in its brief of the case, has failed to insert a statement and argument after each proposition, or proper groups of propositions, in violation of the rules of briefing"; "the appellant, in its brief of this case, has failed to set out propositions in support of certain assignments of error, which is in violation of the rules of briefing."

The objections are, in effect, to a consideration of appellant's brief because it does not purport to comply substantially with the rules for briefing cases and violates such rules.

We hold that the objections are well taken.

Appellant's brief contains nine "propositions"; they are all grouped and followed by one short "statement."

■ The first proposition asserts that there are certain 'provisions in the policy of insurance sued on and certain allegations in the plaintiff's petition, and that there is no evidence tending to prove that apoplexy or paralysis, from which appellee suffered, resulted from a disease, the cause of which originated more than thirty days after the date of the policy. The briefer says the proposition "relates to 1st, 3rd and 6th assignments of error."

The first assignment of error complains of the trial court's failure to give an instructed verdict for appellant; the third

complains of the trial court's refusal to give appellant's requested charge No. 2, which was a general charge to the effect that unless the jury believes from a preponderance of the testimony that plaintiff is suffering from a disability resulting from disease, the cause of which originated more than thirty days after the date of the policy, the jury will return a verdict for the defendant; the sixth complains of the refusal of the trial court to enter judgment for the defendant on its motion for judgment notwithstanding the verdict.

It is plain to be seen that these are wholly unrelated matters. No single proposition could be framed so as to support the three.

The second proposition asserts that the policy of insurance contains certain provisions, and the plaintiff's petition certain allegations, and continues with a quotation from an authority announcing that the burden of proof is always on the plaintiff to establish facts necessary to his recovery, and then asserts that "the burden was upon plaintiff in this case to establish and prove that plaintiff's disabilities, if any, were brought about by disease, the cause of which originated more than 30 days after the date of the policy declared on." This language is followed by assertions that "no testimony was introduced by plaintiff relating to when the disease originated, which caused the disabilities, if any, suffered by him"; and further that the record discloses that a Dr. Long had been plaintiff's physician for many years, and that Dr. Long testified as a witness and was cross-examined by plaintiff's attorney, "but there is nothing in the record showing that plaintiff proved or attempted to prove by his family physician what his condition was prior to August 2, 1932, the date of the policy sued on." The briefer says, "This proposition is based upon the 4th, 5th and 9th assignments of error."

The fourth assignment of error complains that the trial court erred in refusing to "read to the jury defendant's requested charge No. 3, reading as follows." The charge is a general one instructing the jury that the burden of proof is on the plaintiff to show by a preponderance of the testimony that he is suffering from disability resulting from a disease, the cause of which originated more than thirty days after the date of the policy

sued on, and unless the jury so finds, "you will return a verdict for the defendant."

The fifth complains because the trial court refused to give appellant's requested charge No. 4, which asked the jury to find whether or not the plaintiff was suffering from the disease known as high blood pressure before the date of the policy.

The ninth complains of the refusal of the court to give appellant's requested charge No. 3, noted above.

Two of the assignments are related (fourth and ninth) but the fifth is wholly unrelated to these.

No single proposition can be drawn that will be germane to the three assignments of error cited.

We do not care to prolong this opinion by further discussing the several propositions and assignments of error found in the brief.

■ Even if any proposition may be found that is in substantial compliance with the rules, and even if some of the assignments of error could be said to be sufficient as propositions, clearly pointing out the error, and showing that such constituted error, we should not consider them or any of them, because they are not supported by statements relieving us of the duty of searching the entire statement of facts and the transcript, in order to ascertain what transpired in the trial court, and the further duty of trying to select from the "statement" the portions that are intended to relate to each single proposition.

The nine propositions found in the brief and grouped by the briefer relate to several very distinct and unrelated matters of which complaint is made, and several such "propositions" have embodied within themselves several different and distinct matters complained about.

The single statement relied upon to support the nine propositions is:

"It will be observed that this suit is based upon a health and accident insurance policy and that 'Part F', upon which plaintiff relied in the trial, insures against disability resulting from disease, the cause of which originated more than 30 days after date of the policy and plaintiff's petition alleged that state of facts as the basis of his recovery. In other words, appellant insured against disability as the result of a disease and plaintiff sought

by his allegation to recover for a disability, the result of a disease and not for a disease itself.

"Dr. Long testified:

" 'Q. First, I will ask you, Doctor, whether paralysis is a disease or a sort of a disease as a result of a disease? A. It is a result of some lesion of either the brain or the nerve mechanism.

" 'Q. Could it be brought about by hypertension * * *? A. Hypertension. It could be.

" 'Q. What is apoplexy? A. Rupture of a blood vessel.

" 'Q. Is that a cause of (or) an effect? A. Rupture of a blood vessel is the cause of some paralysis.

" 'Q. State whether or not apoplexy is brought about by some disease that would rupture a blood vessel? A. It is usually considered of some disease or injury of some blood vessel.'

"In other words, Dr. Long's testimony is to the effect that apoplexy is not a disease, but the effect of a disease and the disability under which Mr. Eden suffered, was the result of a disease. Appellee, as plaintiff below, did not see proper to offer any proof as to when he first suffered from the disease, which caused the effect, called apoplexy. Dr. Long's affidavit which appellant offered in evidence, but which the court refused to allow, states that appellee had been suffering from hypertension or high blood pressure for more than two years prior to the date of the affidavit, which was April 22, 1935. The policy sued upon was procured by Mr. Eden in August, 1932, and the stroke of paralysis from which he suffered, occurred on December 4, 1932—some four months after the policy was obtained. The witness, Krattiger, testified he had known Mr. Eden for a number of years and worked for the Missouri, Kansas and Texas Railway in the same office with him; that he remembers when the policy of insurance sued upon was delivered to Mr. Eden. Mr. Krattiger, evidently a friend of the appellee, testified that prior to the time this policy was delivered, Eden told the witness that he (Eden) was suffering from high blood pressure.

"The defendant requested the court in its requested charge No. 1 to charge the jury:

" 'Is the disability, if any, from which plaintiff is suffering the result of the disease known as hypertension or high blood pressure?'

"Appellee also requested the court to charge the jury to answer the following question?

" 'Was plaintiff suffering from the disease known as hypertension or high blood pressure before the date of the policy sued on?'

"We submit that the court erred in its refusal to comply with the request so made of it by appellant.

"The record throughout discloses that Dr. Long was the family physician of appellee and had been his family physician for some 15 years; that Dr. Long was in the court room and testified as a witness for the defendant below, appellant here. Under these circumstances, the court allowed the plaintiff to testify in his own behalf as set out in the 10th assignment of error and also as shown in the transcript."

The propositions complain of the refusal of the trial court to instruct a verdict for appellant, the refusal to submit certain special issues, the refusal to enter judgment for appellant notwithstanding the verdict, the refusal to grant a new trial, the refusal to admit certain evidence and testimony, and the admission of certain testimony.

■ We sustain appellee's objections to appellant's brief. Williams v. Kelley (Tex.Civ.App.) 77 S.W.(2d) 263; Southern Rock Island Plow Co. v. Williams (Tex.Civ.App.) 80 S.W.(2d) 340; Clevenger v. Burgess (Tex.Civ.App.) 31 S.W. (2d) 675; Bustamante v. Haynes (Tex. Civ.App.) 55 S.W.(2d) 137; Houston Ice & Brewing Co. v. Fields (Tex.Civ.App.) 81 S.W.(2d) 234; Hayward Lumber Co. v. Cox (Tex.Civ.App.) 104 S.W. 403 (writ denied).

■ Finding no fundamental error in the record, the judgment of the trial court is affirmed.