**BARBOZA v. SERVICE MUT. INS. CO. OF TEXAS.**

No. 8748.

Court of Civil Appeals of Texas. Austin.

Feb. 22, 1939.

Rehearing Denied March 15, 1939.

G. Woodson Morris, of San Antonio, and Adolph Seidemann, of New Braunfels, for appellant.

Rogers & Scott, of Waco, for appellee.

BAUGH, Justice.

This is a Workmen's Compensation case. On December 17, 1936, the Industrial Accident Board awarded appellant compensation at $7 per week for 401 weeks, beginning August 6, 1936, the date of his injury. On January 14, 1937, the insurer, appellee here, filed this suit to set aside that award. Appellant thereupon filed his answer and cross-action to establish his claim, and prayed for a lump sum settlement. Trial was to a jury upon special issues, in answer to which they found that appellant had been totally incapacitated up to the time of the trial for a period of 340 days (although only 322 days had intervened since the date of his injury); that total incapacity would continue for 65 days thereafter; and that manifest hardship would result unless such compensation be paid in a lump sum. The court thereupon rendered judgment for appellant against appellee for $8.31 per week for 58 weeks, one-third of which was awarded to his attorney; hence this appeal.

The first contention made by appellant is that the record fails to show that the trial court had jurisdiction of the claim in that the statement of facts fails to show any notice given by appellee to the Industrial Accident Board, as required by law, within 20 days after said award, that appellee would not abide its decision and order. That such notice is a jurisdictional prerequisite; and that in the absence of a showing that such notice was given no jurisdiction of the trial court over said claim was shown by the record.

Appellee, in reply, contends that because appellant invoked the jurisdiction of the trial court on his cross-action, he is now estopped to deny its jurisdiction; and has undertaken, by motion filed herein on September 15, 1938, to bring up a sup-

plemental statement of facts, or an amendment thereto, showing copies of notices seasonably filed with the Industrial Accident Board, both by appellant and appellee, of non-abidance with said award, and certified by the trial judge to have been introduced in evidence in the trial court and to have been considered by him, and that same were inadvertently omitted from the statement of facts.

It is now settled that compliance with the statutory requirements as to such notice to the Board is mandatory and jurisdictional. Art. 8307, § 5, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 8307, § 5; 45 Tex.Jur., § 274, p. 761, and cases cited. It is also true, as a general rule, that a statement of facts, after same has been on file in the Court of Civil Appeals for a period of 9 months, and the cause has been set down for submission, can not then be amended or supplemented either by certificate of the trial court or by agreement of counsel, except as to correction of clerical errors. 3 Tex.Jur., § 551, p. 772. While appellee had ample opportunity to discover the omission sought to be corrected, and to have had same seasonably corrected after same was filed in this court, it was also the duty of appellant, who prosecutes the appeal, to have prepared and filed a correct statement of facts. This duty he failed to discharge and now seeks to profit by his own failure to do so. See Independent Life Ins. Co. v. Eden, Tex.Civ.App., 99 S.W.2d 315. And it was held in City of San Antonio v. Ashton, Tex.Civ.App., 135 S.W. 757, writ refused, that though the above stated rule would bar an amendment to the statement of facts by insertion therein of the testimony of a witness, the insertion of documentary evidence, as to the existence of which there is no contention, does not come within such rule; but that its omission is in the nature of a clerical omission, and such correction permitted by the appellate court so as to cause the record to speak the truth. We think this should be done in the instant case; and it follows that the jurisdictional question raised by appellant is overruled.

Even, however, if such contention of appellant were sustained, we could only reverse and remand the cause. We have carefully read the statement of facts and have concluded that it should be reversed and remanded in any event because the verdict of the jury is so contrary to the overwhelming preponderance of the evidence that it should not be permitted to stand. That being true, the matter of whether the statement of facts should be amended as requested by appellee becomes immaterial.

The material facts are not controverted. Three physicians testified upon the trial as to the nature, extent, and consequences of appellant's injuries, received by him in an explosion at New Braunfels, in the course of his employment, on August 6, 1936. After his injury he was taken to the hospital in an unconscious condition. Appellee's physician treated him until October 30, 1936, when he was discharged as then fit to resume work.

The injuries shown by the testimony of all physicians and by X-ray pictures taken were as follows: seventeen fractures of bones, including nine ribs broken on the left side, at least three of which were broken in front and in the back, near the spine. Also a fracture of the shoulder blade and collar bone. X-ray pictures taken in February, 1937, showed that the union of several of the broken ribs was formed by the ends overlapping, thus reducing the inner chest cavity about the heart and lungs. There was also an overlapping in healing of the scapula and collar bone, causing the left shoulder to be about 3 inches lower than the right shoulder and restricting the use of the left arm. Appellant was stripped to the waist, his injuries exhibited to the jury and explanation thereof made by a physician by illustration on appellant's body. This showed a lower left shoulder, atrophied shoulder and arm, free perspiration on his right shoulder and arm, with practically no perspiration on his left. The physician testified that this condition indicated that the nerves on that side had also been injured. Two physicians, witnesses for appellant, testified that he was totally and permanently disabled from performing manual labor.

In addition to the foregoing, two other physicians, who had examined appellant and the X-ray pictures of his injuries, testified at a hearing on his amended motion for a new trial. This hearing was had on November 26, 1937,—five months after the trial of the case, wherein the jury found that total disability would continue for only 65 days after June 24, 1937. At this hearing said physicians testified, without contradiction, that in No-

vember, 1937, appellant's left chest cavity was about one-third less than his right; that the overlapping of the ends of the broken ribs and reduction of his chest cavity caused friction in his chest upon deep breathing which would probably become more aggravated and make appellant more liable to contract tuberculosis. That he was then totally disabled; would never be able to do manual labor; and that in his condition his life expectancy would not be more than 10 years, though he was only 37 years old at the time.

The only testimony which would support the jury's verdict for so short a period of total incapacity was that of appellee's physician. As stated, his testimony was in accord with that of the other physicians as to the character and extent of appellant's injuries. As illustrative of his testimony that such injuries were not permanent we quote the following excerpt therefrom:

"A man has a lot of ribs, and he can get along without some of them without inconvenience. It is possible, and it is frequently the case that ribs may be completely removed, and the patient have complete recovery.

"As to whether Barboza has sufficiently recovered to be able to go back to work, I haven't seen him since October 30, 1936, but at that time I found nothing wrong with him. Some of the ribs were not in line, but he had a good functional union in all of them. A fibrous union has strength. Assuming him to be a laboring man, as to how much he has been disabled, when I saw him last all he needed to do was to get out and begin using his arms and muscles and get back the strength in them."

While the rule is elementary now that if there be a conflict in the evidence the jury's finding thereon will not be disturbed on appeal; where the testimony relied upon as constituting a conflict is patently contrary to common knowledge and human experience, the appellate courts are not required to accept it as sustaining a verdict. We think such a case is here presented, and that manifest injustice was done appellant by the jury. While we doubt if such misconduct of the jury was shown on the hearing on appellant's motion for a new trial as in itself to warrant a reversal on that ground, the testimony of some of the jurors was such that prejudice against appellant might be reasonably inferred. Notwithstanding the Industrial Accident Board had found him to be totally and permanently disabled; that he was seriously injured; that he was entitled under the undisputed facts to substantial compensation as a matter of law; and that in reality the only controverted issue in the case was the degree and duration of his disability; there was testimony to the effect that some of the jurors did not want to give appellant anything; and that at least one of them was influenced in rendering a verdict for appellant so that he could pay the juror's neighbor a grocery bill which the evidence showed that appellant owed him.

Without further prolonging this opinion, or citation of authorities, we think the record here presented shows such a wanton disregard by the jury of appellant's rights, and a verdict so contrary to and against the great preponderance of the credible testimony that it should not be permitted to stand. The trial court's judgment is accordingly reversed and the cause remanded for another trial.

Reversed and remanded.