### EASTERN IRON & METAL CO. v. McMORROUGH.

#### No. 8903.

Court of Civil Appeals of Texas. Austin.

Jan. 3, 1940.

Rehearing Denied Jan. 24, 1940.

Lewis E. Bartlett, of Sherman, for appellant.

Thos. C. Ferguson, of Burnet, for appellee.

BAUGH, Justice.

Appeal is from a judgment, based upon a special issue verdict, in favor of appellee, predicated upon negligence, against appellant for $550 damages for personal injuries received by him in the course of his employment. Appellant had purchased the materials in an old shoe factory at Marble Falls, in Burnet County, Texas, and was dismantling it. Appellee was one of its employees and the injuries sustained by him were two broken bones in his left foot caused by a pipe falling upon it.

The only contentions made by appellant are: 1. That the verdict of the jury finding it guilty of negligence was: a. without evidence to sustain it; or, b. was contrary to the greater weight of the evidence. 2. That the amount of the damages was, under the evidence, excessive.

Neither of these contentions is sustained. It is not controverted that appellant as employer had in its employ at the time and place in question more than three employees, and that it did not carry workmen's compensation insurance. In view of the provisions of the statute (Art. 8306, Secs. 1 and 4, R.C.S.1925), it was only necessary for appellee to show that he received an injury in the course of his employment, due to the negligence of his employer, and that such negligence was the

proximate cause thereof. Clevenger v. Burgess, Tex.Civ.App., 31 S.W.2d 675, writ refused; 29 Tex.Jur. § 53, p. 101. These issues were submitted to the jury and found in favor of appellee.

■ Since the evidence was conflicting we are required to consider only the evidence which will support the verdict, taking it. in its most favorable light. At the time of the injury appellant's employees were engaged in disconnecting and remov-. ing pipes from the interior of the building. These pipes extended vertically through the floor between an upper and a lower story of the building, and were connected with horizontal pipes both above and below. Two employees of appellant worked in the upper story, and two, including appellee, worked in the lower story. The foreman was in the upper story directing the work. The usual method, and the one previously pursued, was to first disconnect a pipe at the lower end so that the workmen could step aside and avoid danger of a fall of the pipe; then disconnect it at the upper end and by means of a hoist pull it up through the floor and remove it from the building. On the occasion in question, the workmen above, under the direction of the foreman, had, without the knowledge of appellee, departed from the habitual method, and had first disconnected the upper end of a pipe about 12 feet long. When appellee disconnected the lower end of the pipe it was thus caused to fall, not being moored above, struck appellee's foot and caused the injury sustained. In view of the method previously followed, one known to appellee, and the simple process used, it is manifest, we think, that a departure from it by first disconnecting the upper end of the pipe, without first notifying the workmen below, might naturally and probably result in the very character of injury to the workmen below which was sustained by appellee. Consequently, it was foreseeable, and the jury was authorized to find that the act of the employees in the upper story, under the direction of appellant's foreman, in disconnecting the upper end of the pipe before the lower end of it was disconnected, constituted negligence.

■ As above stated, under the Workmen's Compensation Law and the authorities above cited, defenses of assumed risk, contributory negligence, and negligence of a fellow servant were not available to appellant.

■ The other contention is that the damages awarded are excessive. There is no merit in this. The evidence shows that two bones in appellee's foot were broken; that his foot was in a cast for 25 days; that he was thereafter compelled to use crutches, for several weeks, and then a cane; that he was unable to work at all for a period of 2½ months; that he had been earning $2 per day; that he had incurred $25 for doctors bills and X-ray photographs of his foot; that his foot was weakened, had caused him considerable pain, and had handicapped him in his work after he became able to use it. Under these facts and circumstances, and under the court's instruction to the jury, not complained of by appellant, that they could take into consideration all these matters, mental and physical pain suffered and to be suffered, if any, in the future, and future as well as past diminished earning capacity, if any, of appellee in fixing his damages, it is manifest that the $550 awarded cannot be said to be excessive. The above stated items were all proper to be considered by the jury in arriving at the amount of the damages sustained. See 13 Tex.Jur. § 79, p. 170; 15 Am. Jur. § 70, p. 477. The judgment of the trial court will therefore be affirmed.

Affirmed.